———————o———————

### NORVELL and Others v. HITTLE.

PROMISSORY NOTE—INDORSER—ACTION WHERE COMMENCED.—Suit was brought in *Wayne* county against the makers and indorsers of a promissory note, payable in bank. Answer by the makers to the jurisdiction of the court, "that ever since the date of the note all the makers thereof were citizens of and had resided in *Rush* county, and had never resided in *Wayne* county, and that the payee of the note indorsed the same to the plaintiff after its maturity and protest, and only for the purpose of having suit brought upon it in *Wayne* county," etc. Demurrer to the answer sustained.

*Held,* that the ruling of the court in sustaining the demurrer was right.

*Held,* also, that if the indorsee demanded payment of the note within a a reasonable time after the indorsement was made, and gave notice to his indorser of the non-payment, or if the indorser waived such demand and notice, then the latter would be immediately liable, and might be sued jointly with the makers, and the suit in either case might be brought in the county where the indorser resided.

APPEAL from the *Wayne* Common Pleas.

FRAZER, J.—*Hittle* sued *B. F. Norvell, J. W. Norvell,* and *Moffitt,* the makers, and *Yeo,* the indorser, in the Court of Common Pleas, of *Wayne* county, upon a note payable at the *Rushville* branch of the bank of the state. The complaint is in the usual form, as upon a note indorsed in blank, and shows that the note was at maturity protested for non-payment. *J. W. Norvell* was not served with process. *B. F. Norvell* and *Moffitt* answered to the jurisdiction of the court, that ever since the date of the note all the makers thereof were citizens of and resided in *Rush* county, and never had resided in *Wayne* county; that *Yeo* indorsed the note to the plaintiff after its maturity and protest, and only for the purpose of having suit brought upon it in *Wayne* county; *that Yeo is liable only as an ordinary indorser, and not immediately liable to judgment and execution.* This answer was sworn to. *Yeo* made default, and a demurrer was sustained to the answer, and an assignment of error upon that ruling presents the only question in the record.

Dilatory defenses are not favored, and consequently great certainty is required in pleading them. So much of the answer as we have stated in italics does not allege any facts, but merely conclusions of law, which the pleader has deduced from facts probably not in the record; for the facts alleged do not justify those conclusions. If *Hittle* demanded payment of the note within a reasonable time after the indorsement was made, and gave notice to *Yeo* of the non-payment, or if *Yeo* waived such demand and notice, then the latter would be immediately liable, and might be sued jointly with the makers. 1 G. & H. 451, sec. 16; 2 G. & H. 50, sec. 20; Edwards on Bills, 261. And the suit might in either case be brought in *Wayne* county, where *Yeo* resided. 2 G. & H. 58, sec. 33. There is nothing in the answer to exclude the conclusion of such demand and notice, or of the waiver thereof by *Yeo,* and we are of opinion, therefore, that the demurrer was

correctly sustained. *Rea* v. *Hayden*, 3 Mass. 24; *Lawrence* v. *Smith*, 5 Mass. 362.

The question argued by counsel is, whether the makers shall be heard to show the non-liability of the indorser to oust the jurisdiction when he waives it, or rather confesses it by his default. We do not determine that question, because, as has been seen, we do not deem the answer sufficient to present it.

Judgment affirmed, with one per cent. damages and costs.

*L. Sexton* and *J. P. Siddall*, for appellant.

*George Holland, J. F. Kibby*, and *John C. Whitridge*, for appellee.