# IN GENERAL TERM. 1873.

HENRY W. MORRIS v. STEPHEN F. MAJOR ET AL., Appellant.

APPEAL.

An appeal may be taken to General Term, as it may now be taken from the Circuit, to the Supreme Court, and where it is shown by affidavit to be necessary for the protection of the rights of the parties, unless a bond is filed, proceedings below will not be stayed; but an appeal cannot be dismissed because a bond is not filed.

*Dye & Harris*, for appellant.
*Spahr & Daily*, for appellee.

BLAIR, J.—The complaint in this case is upon a promissory note made by the defendant Major to the other defend-

ants, as partners doing business in the firm name of Vancamp & Jackson, payable at the office of Pettit, Braden &. Co., Bankers, Indianapolis. The defendants, except Major, suffered a default. Major answered in abatement, that at the commencement of the suit and service of process he was, and is a resident of Shelby county in the State of Indiana, and that the other defendants reside in Marion county; that said Vancamp, and Jackson are the owners in equity of the note sued on, and that the assignment to the plaintiff was for the purpose of having suit brought against Major in the courts of Marion county, and having the note collected by process of law for the benefit of said Vancamp and Jackson; that the note was assigned for the purpose of using the names of Vancamp and Jackson as co-defendants with Major, to confer jurisdiction on a Court of Marion county, that a judgment might be rendered therein, and execution caused to be issued against said Major to make the debt of the property of Major for the use of Vancamp & Jackson; wherefore the defendant Major says that said Vancamp & Jackson are not liable to judgment on the note, or their assignment, and that the assignment of the note, and the action thereon, are in fraud of the jurisdiction of this Court, and of the right of the defendant to be impleaded in the County of Shelby.

A demurrer was sustained to this answer, and the defendant declining to answer further, judgment was rendered against him, judgment having previously been rendered against the other defendants.

The defendant, Major, appealed to General Term. The plaintiff filed an affidavit under Section 26 of the act organizing this court, acts 1871, page 53, requiring the appellant to file a bond; and an order was made that a bond be filed. A motion has now been made to dismiss the appeal, because no bond has been filed. The only effect of filing the affi-

davit and making the order to file a bond, is this: that after an affidavit for a bond is filed, an appeal will not work a stay of proceedings on the judgment at Special Term until a bond is filed.

The appeal may be taken to the General Term, in such cases, as it may now be taken from a Circuit Court, to the Supreme Court, but where it is shown by affidavit to be necessary for the protection of the rights of the parties, unless a bond is filed, proceedings below will not be stayed; but an appeal cannot be dismissed because a bond is not filed.

The ruling upon the demurrer to the answer is the only question presented in the assignment of errors.

The complaint alleges facts showing ownership in the plaintiff. The answer to be good must set up other facts inconsistent with such ownership. The complaint alleges an assignment of the note to the plaintiff in writing, for value. The answer starts out by an assertion that Vancamp & Jackson are the equitable owners of the note in suit. This is an admission that the plaintiff may be the legal owner. There is no fact alleged, which in terms denies that the note was assigned for value. The mere statement that the plaintiff was to collect the note for the benefit of Vancamp & Jackson, is an inference to be drawn from a given state of facts, or from the terms of an agreement made between the plaintiff and Vancamp & Jackson.

No facts are alleged from which such an inference would arise, nor is any agreement alleged to have been made to that effect.

In the case of *Lawrence* v. *Long*, 18 *Ind.*, 301, the answer alleged that the assignment was without consideration, in addition to other facts showing that the plaintiff was not the real party in interest. The answer in the case at bar does not, therefore, come within the rule in that case.

The allegation that Vancamp & Jackson are not liable

to judgment, and execution on their assignment, is but an averment of a conclusion of law, and such conclusion does not arise from the facts alleged in the answer. *Norvell et al.* v. *Hittle*, 23 *Ind.*, 346.

The answer was, therefore, bad, and the judgment must be affirmed.