*N. T. Hauser,* for the appellant.

Nov. Term,<br>1858.<br>———<br>GARRISON<br>v.<br>CLARK.

———

## GARRISON v. CLARK and Another.

At common law, the nonjoinder of a necessary party plaintiff, in actions *ex contractu,* might be taken advantage of, either by plea in abatement, or on the trial, under the general issue.

Under our former practice, pleas in abatement were required to be sworn to; but, *quære,* whether the present code has not abolished all distinctions, so far as pleading is concerned, between matter in abatement and matter in bar.

Where the complaint averred that *A.* had assigned his interest in the claim sued on to the plaintiff; and a paragraph of the answer set up that the plaintiff was not the real party in interest—that *A.* should have been made a party plaintiff:—*Held,* that such an assignment might be made so as to enable the assignee to sue in his own name, and, consequently, the paragraph was bad.

Moreover, the paragraph should have stated facts going to show that *A.* was the real party in interest, or a necessary party.

Where an answer contained the general denial, other paragraphs containing argumentative denials, the matters set up in which could be proved under the general denial, are bad on demurrer.

APPEAL from the *Decatur* Court of Common Pleas.

WORDEN, J.—Suit by the appellees against the appellant and others.

Thursday,<br>December 16.

The complaint avers that the plaintiffs, *Richard Clark* and *Wesley Throp,* together with one *James Throp,* who is made a defendant, on, &c., at, &c., bargained, sold, and delivered to the defendants, *Hudson* and *Garrison,* who were then partners in trade, two hundred bushels of corn, at the rate and price of 50 cents per bushel, amounting to one hundred dollars, which is unpaid. That theretofore, to-wit, on, &c., at, &c., said *James Throp,* for a valuable considera-

tion, sold to said plaintiffs all his interest in said claim; wherefore, the plaintiffs demand judgment against said defendants, *Hudson* and *Garrison*, for one hundred dollars, &c.

Process was returned not found, as to *Hudson*.

*Garrison* appeared and answered—

1. By general denial of all matters alleged in the complaint.

2. That the plaintiffs in the cause are not the real parties in interest; that said *James Throp* ought to be joined as a party plaintiff.

3. That said *James Hudson* bought and contracted for the corn, on, &c., at, &c., before the existence of any partnership between said *Hudson* and *Garrison*, on his own individual credit, and that the corn was delivered after the existence of the partnership.

4. That the corn was bought by the said *Hudson* on his own individual credit, and not by the firm of *Hudson* and *Garrison*, nor their credit.

5. Payment.

The plaintiffs demurred to the second, third, and fourth paragraphs of the answer.  To the second, because it was not sworn to, and because the same matters had been adjudicated by the Court on demurrer to the complaint.  To the second, third, and fourth, because they do not state facts sufficient to constitute a defense to the action.

The Court sustained the demurrer, and the defendant excepted.

The cause was tried by the Court, and there was a finding and judgment for the plaintiffs. .

The appellant assigns for error the sustaining of the demurrer to the second, third, and fourth paragraphs of his answer.

The correctness of this ruling is the only question before us.

At common law, the nonjoinder of a necessary party plaintiff, in actions *ex contractu*, might be taken advantage of either by plea in abatement, or, on the trial, under the general issue.    Chit. Pl. 13.

Nov. Term,
1858.

GARRISON
v.
CLARK.

Under our former system of procedure, pleas in abatement were required to be sworn to; but it is questionable whether our present code has not swept away all distinctions, so far as pleading is concerned, between matter in abatement, and in bar. Such is decided to be the case in *New York. Sweet* v. *Tuttle*, 4 Kern. 465.

But we need not now decide whether a plea in abatement can be filed, as such, nor whether, if so, it must be sworn to, as the second paragraph of the answer is obviously defective in not stating facts sufficient to constitute a defense to the action. It is averred in the complaint that *James Throp* assigned his interest in the claim to the plaintiffs. This, we think, may be done; and if so, he was not a necessary party plaintiff. It has been decided that one of two payees of a promissory note may assign his interest to his co-payee, so that the latter could maintain a suit thereon in his own name. *Bolton* v. *Burnett*, 5 Blackf. 222.

This allegation of the assignment is not denied by the answer in question, nor are facts averred to show that said *James* was a necessary party.

The answer must contain something more than the mere averment that the plaintiff is not the real party in interest. It must state facts going to show that some person other than the plaintiff is the real party. Here, the assignment not being denied, it must be taken to vest the right of action in the plaintiffs, without the joinder of said *James* as a party plaintiff; and if the defendant relied upon any facts showing that he should have been made a party, notwithstanding the assignment, those facts should have been averred. Van Santv. Pl. 421, 479.—*Lamson* v. *Falls*, 6 Ind. R. 309.—*Swift* v. *Ellsworth*, 10 Ind. R. 205.

The third and fourth paragraphs are but argumentative denials of the plaintiff's cause of action. They by no means confess and avoid it. The matters set up in them could all have been given in evidence under the general denial, as they "tend to negative what the party making the allegation in the complaint is bound to prove." 2 R. S. p. 45, § 91.

Nov. Term, 1858.

The appellant suffered no injury by the sustaining of the demurrer to these paragraphs.

*Per Curiam.*—The judgment is affirmed with costs.

*J. Gavin* and *O. B. Hord*, for the appellant.

*J. S. Scobey* and *W. Cumback*, for the appellees.