Lawrence *v.* Long.

## LAWRENCE *v.* LONG.

An answer, averring that the cause of action sued on does not belong to the plaintiff, and is being prosecuted by him for the use of another, and that the plaintiff paid no consideration for the same, and sues in order to enable the real owner to testify, and to give the Court jurisdiction, is a good answer.

APPEAL from the *Bartholomew* Common Pleas.

HANNA, J.—Suit by *Long,* assignee of *Margaret Clark,* for services of said *Margaret* rendered for appellant. Answer: 1. Denial. 2. Set-off. 3. That by a writing, intended to be an indenture of apprenticeship, not in possession of defendant, the father of said *Margaret* agreed that defendant should take her as a member of his family, and treat her as such; that upon her attaining her majority, (she being then six years old,) he should give her certain amounts, &c., and, in the meantime, be entitled to her services; that he has performed, &c., but she left before her majority, &c. 4. Said plaintiff is not the owner of said claim, because said *Margaret* was, and yet is, an infant, and could not assign it. 5. Averments similar to the fourth, and also that *Margaret* did not assign said account, and that the suit is for her benefit solely, and that she was made defendant only to give the Court jurisdiction of defendant, he being a resident of *Starke* county, and with the intention of enabling her to be a witness against defendant. 6. Similar to the latter part of the fifth, with the averment that, by agreement, plaintiff paid the assignor nothing, nor was he to pay her anything for said claim unless he recovered thereon.

A demurrer was sustained to the third, fourth, fifth and sixth paragraphs of the answer.

Reply to the second paragraph: 1. Denial. 2. Infancy. Demurrer to the second paragraph of reply overruled.

It appears to us, that the answer sufficiently shows that the

plaintiff was not the real party in interest; sec. 3, p. 27, 2 R. S.; and therefore the action should not have been permitted to progress, the Court having no jurisdiction of the person of the real defendant, the present appellant, he not being a resident of the county. Sec. 33, p. 34, 2 R. S. The answer avers generally, that the plaintiff had not the necessary interest, and sets forth the fact upon which that conclusion is based, to-wit: that the claim was not assigned, but was prosecuted for the benefit of said *Margaret*, in the name of the plaintiff, who paid no consideration for the same, to enable her to testify, and to give the Court jurisdiction. These are facts, which, we think, are sufficient, if true, to establish that plaintiff was not the real party in interest, outside of the averment of the infancy of the said assignor at the time of the alleged assignment.

Another question is raised as to the right of action under the circumstances shown in the answer, in reference to the capacity in which said *Margaret* resided in the family of defendant.

The paragraph may not have been sufficient, if pleaded as an indenture of apprenticing; and upon that point it is not necessary we should express any opinion, not viewing it in the light of an answer of that character. It seems to attempt to set up, and rely upon the fact that said *Margaret* had, at a tender age, been placed under the care and control of the defendant, as a member of his family, by her father, to be protected, nurtured, &c., until her majority, for which she was to render service. But it is insisted that the father had no authority to enslave his daughter, until that time had elapsed. Text writers, on that subject, have treated it in the light of a duty the parent owes his offspring, for having brought them into the world, to provide for and protect them during their tender years; and as something like an equivalent, he is entitled to their services after they arrive at maturer

years, until such time as may be fixed by the law of the place. But however this may be, it appears to us, the father, by the arrangement pleaded, and to which the said *Margaret*, so far as she was capable of doing so, acquiesced, deprived himself of any right to recover for the services performed in pursuance thereof. As he had not the right to recover, we can not well see how she could do so under the circumstances. The demurrer should not have been sustained to the paragraph of the answer setting up said defence.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded.

*F. T. Hord* and *N. T. Hauser*, for the appellant.

*S. Stansifer*, for the appellee.