### RAYMOND and Another *v.* PRITCHARD.

HUSBAND AND WIFE.—TITLE BOND.—A sold certain real estate to B for $300, the price to be paid in labor. At the request of B, A executed to the wife of B a title bond, conditioned for the conveyance of the property to her, on payment of the price. Suit by the wife for a specific performance, alleging that about $250 of the purchase money had been paid by the labor of the husband, and offering to pay the residue in money, when the amount should be ascertained.

*Held,* that a husband may give real estate to his wife, whether his title be an absolute fee, or merely a right in equity, and the equitable estate of B having, in this case, passed by an executed gift to the wife, she was entitled to enforce a specific performance of the bond.

*Held,* also, that after having made and executed the gift, it was not in the power of the husband to revoke it.

*Held,* also, that the consideration of a contract need not have moved from the party in whose favor it was made, and who seeks to enforce it.

PLEADING.—An answer alleging generally that some other person than the plaintiff is the real party in interest, without stating the facts which support that conclusion, is bad.

APPEAL from the *Wayne* Circuit Court.

FRAZER, J.—*Elizabeth Pritchard,* the appellee, brought suit against *Raymond* and her own husband, alleging in her complaint that her husband refused to join with her

as plaintiff. It appeared further by the complaint, that in 1863, *Raymond* had executed and delivered to her a title bond for a lot in *Cambridge City*. It was recited in the condition of the bond that *Raymond* had sold to the husband, *Isaac Pritchard*, lot 21, east of the river, for $300, which sum *Isaac* was to pay in work, according to an agreement between him and the obligor; that *Isaac* desired the lot to be conveyed to his wife, *Elizabeth*, wherefore, upon payment of the $300, the obligor bound himself to make to *Elizabeth* a good title to the lot. It was alleged in the complaint that the agreement between the defendants was for carpenter work; that it was in their possession, and its terms were unknown to the plaintiff; that the husband, *Isaac*, had paid upon the lot about $250, and that the plaintiff was willing to pay the balance, in cash, whenever she could ascertain it; that both defendants declined to inform her of the amount, and that *Raymond* will not demand work to be done upon the contract.

The plaintiff prayed that the amount of the unpaid purchase money be ascertained, and that she be permitted to pay it into court, and that *Raymond* be compelled to convey the lot to her.

The first question presented here arises upon the overruling of separate demurrers by the defendants to the complaint, for the want of sufficient facts.

We suppose it will hardly be doubted that a husband may give real estate to his wife. This may be done, whether his title be an absolute fee, or merely a right in equity. If the facts recited in the condition of *Raymond's* bond be true, such a gift was, in this case, executed by the husband to the wife. Nothing remained to be done by the husband to vest in the wife whatever interest he had in the lot, by virtue of his contract of purchase with *Raymond*. *Raymond's* obligation to convey was transferred to the wife, and the instrument sued upon thereupon given by *Raymond* directly to the wife. We know of no reason, sufficient in law or equity, why

he should not be compelled to perform it. He has received a large part of the price, and he is now under no obligation to convey to the husband. Does equity say that he may keep the lot and the $250 also? The gift from the husband to the wife being executed, and the consideration for *Raymond's* contract being a valuable one, the authorities cited by the appellant, to the effect that an executory contract which is voluntary, or founded on the consideration of blood or marriage only, will not be enforced in equity, do not seem to us to be applicable to the question in hand. It is not sought to compel the husband to pay the unpaid purchase money. We think that the objection made to the complaint is not well taken. What has been said is applicable to several other rulings of the court below, and renders it unnecessary to extend this opinion by making a particular reference to them.

After having made and executed the gift, as we have seen, it was not in the power of the husband afterward to revoke it. The third paragraph of the answer, alleging such revocation, was therefore bad, and a demurrer was properly sustained to it.

It is well settled that the consideration for a contract need not have moved from the party to whom the contract is made, and who seeks to enforce it, and, therefore, demurrers were properly sustained to the second and fifth paragraphs of the answer, each of which alleged that no consideration was paid by the plaintiff for the lot.

The fourth paragraph of the answer averred "that the defendant *Isaac Pritchard* is the real party in interest, and not said plaintiff." To this a demurrer was sustained, and that ruling is assigned for error. This question has been decided against the sufficiency of the answer. It should have alleged facts which would show, as a matter of law, that *Isaac Pritchard* was the party who, alone, should have brought the suit. *Garrison* v. *Clark*, 11 Ind. 369; *Swift* v. *Ellsworth*, 10 Ind. 205; *Lamson* v. *Falls*, 6 *id.* 309.

The appellants urge that the finding of the court was

not sufficient to justify the judgment; but no such question was made below, and it is too late to present it for the first time in this court.

The judgment is affirmed, with costs.

*J. B. Julian, G. A. Johnson* and *L. Develin,* for appellants.

*N. S. Ballenger* and *N. H. Johnson,* for appellee.