### FERRIS ET AL. *v.* CRAVENS ET AL.

FORECLOSURE OF SCHOOL-FUND MORTGAGE.—*Remedy.*—*Merger.*—*Sheriff's Sale.*—*Sale by County Auditor.*—*Appraisement.*— *Appraisers* —*Action to Recover Land.*—*Special Findings.*—In an action to recover the possession of real estate, the court found specially, that, on January 26th, 1849, the defendant's grantor executed a school-fund mortgage on the land, which was duly recorded on that day ; that, on March 1st, 1859, a judgment for the amount of the debt, and a decree foreclosing such mortgage, were rendered in an action thereon by the State on the relation of the county auditor, against the mortgagor only ; that, on September 15th, 1860, such real estate was bid in, at sheriff's sale on such decree, by the county auditor ; and that, on March 27th, 1871, the real estate was sold, under such mortgage, by the county auditor, to the plaintiff, without appraisement, for cash.

*Held*, that under sections 79, 81 and 82 of the act of March 5th, 1855, 1 G. & H. 542, the auditor might either sell the land under the mortgage, or recover judgment on the debt secured by the mortgage, or both ; but this would not prevent an action to recover for the debt and to foreclose the mortgage.

*Held*, also, that the mortgage was merged in such decree of foreclosure.

*Held*, also, that, after foreclosure, the county auditor could not sell the land under the mortgage.

*Held*, also, that, under section 97 of the act of March 6th, 1865, 1 R. S. 1876, p. 801, a sale, by a county auditor, of lands so bid in by him, must be on a credit of five years, and for a sum not less than the appraised value thereof.

*Held*, also, that a sale for cash and without appraisement is invalid.

*Held*, also, that such appraisement should be made by three disinterested freeholders of the neighborhood.

*Held*, also, that the defendant was entitled to judgment on the special findings.

From the Ripley Circuit Court.

*E. P. Ferris* and *W. W. Spencer*, for appellants.

*J. B. Rebuck, J. O. Cravens* and *W. D. Ward*, for appellees.

WORDEN, C. J.—This was an action by John O. Cravens and William D. Ward, against Edwin P. Ferris and Jefferson Stevens, for the recovery of certain real estate in the county of Ripley.

Stevens disclaimed title, except as tenant to Ferris.

Ferris answered, and the cause was submitted to the

court for trial, who found the facts specially, and stated conclusions of law thereon, to which exceptions were taken by the defendants, and judgment was rendered for the plaintiffs.

It is assigned for error, among other things, that the court erred in its conclusions of law upon the facts found.

Enough of the facts found will be stated to develop the point upon which the case must be decided.

The defendant Ferris claimed title under one Jeremiah D. Skeen, and the plaintiffs claimed title under a sale made by the auditor of the county, by virtue of a school mortgage executed by Skeen; and the principal question arises upon the validity of the auditor's sale.

The court found, " That, on the 26th day of January, 1849, said Jeremiah D. Skeen and wife, while in possession, mortgaged said real estate to the congressional school fund of Ripley county, Indiana, to secure the sum of $75, that day borrowed by said Skeen, payable five years after date, with seven per cent. interest, and five per cent. damages if not paid when due, and that said mortgage was duly recorded in the proper record of the recorder's office of said county, on the 26th day of January, 1849."

This mortgage was afterward foreclosed by an action in court, and the property sold under the decree, and purchased in by the auditor, as is shown by the following findings of the court :

" 12. On the 9th day of August, 1858, a complaint was filed in the circuit court of Ripley county, Indiana, by the State of Indiana on the relation of Jefferson Stevens, who was then auditor of said county, against Jeremiah D. Skeen and Mary Skeen, his wife, to foreclose the school-fund mortgage given by said Skeen and wife, dated January 26th, 1849, as aforesaid. The original mortgage was filed · as an exhibit with the complaint, and on the 9th day of August, 1858, a summons was issued in said cause in due form of law, and came to the hands of the sheriff of Clark

county, Indiana, August 12th, 1858, and was served on said Jeremiah D. Skeen and Mary Skeen, on the 17th day of August, 1858; and that, on the 1st day of March, 1859, a judgment was rendered in the circuit court of Ripley county, Indiana, in said cause, against said Jeremiah D. Skeen, for the sum of $112 $\frac{24}{100}$, and costs, and a foreclosure of said mortgage to the school fund, and an order for the sale of the property; and that the complaint, summons and service thereof, and the judgment thereon, were in due form of law, and that the foreclosure was upon the identical land set out in said mortgage, and was based upon the original mortgage executed by Jeremiah D. Skeen and wife as aforesaid, dated January 26th, 1849, as aforesaid.

"13. The court further finds, that, on the 4th day of June, 1859, John M. Stewart replevied said judgment, and on the 2d day of July, 1860, an order of sale on said decree was issued in due form of law, and was placed in the hands of the sheriff of Ripley county, Indiana, on the 3d day of July, 1860, and that the said sheriff advertised said land for sale on the 15th day of September, 1860, in due form of law; and on said 15th day of September, 1860, at the door of the court-house in Versailles, Ripley county, Indiana, George Bonham, who was then sheriff of said county, in due form of law offered for sale the real estate set out in said mortgage to the school fund, dated January 26th, 1849, as aforesaid; and Benjamin F. Spencer, who was then auditor of said Ripley county, Indiana, bid the sum of $167$\frac{86}{100}$ for said real estate, and the same was by the said sheriff struck off to him; and the sheriff made return of the facts aforesaid, and returned the execution by order of said auditor, and that the costs endorsed on the back of said order of sale amounted to the sum of $31$\frac{15}{100}$."

The finding proceeds to state that afterward, on the 27th day of March, 1871, the principal and interest due on the original mortgage being one hundred and seventy-three dol-

lars and fifteen cents, including five per cent. damages, and costs, Philip F. Seelinger, then auditor of the county, having given notice, etc., proceeded to sell the real estate mentioned in the mortgage, at public sale, and struck off and sold the same to John O. Cravens and William D. Ward, the plaintiffs in this action, for cash and not on credit, and without, so far as appears, any appraisement. A deed was made by the auditor to the purchasers at this sale. A full detail of the steps taken in making this sale is set out in the finding, with a view, as we suppose, to objections urged to the regularity of the sale ; but, as we think, for reasons to be stated, that the sale was void for want of power in the auditor to make it, we need not set out the details more fully.

This sale by the auditor the court below held to be valid. In this we think the court erred. We regard the sale, and the deed in pursuance of it, as entirely void. No title, therefore, passed to the plaintiffs by virtue thereof; and, as they showed no title from any other source, judgment should have been rendered for the defendants.

We proceed to state the ground on which we hold the auditor's sale to be void :

The 79th section of the act of March 5th, 1855, 1 G. & H., p. 542, which was in force at the time the foreclosure proceedings were had, provided that—

" When the interest or principal of any such loan shall become due and remain unpaid, the auditor shall proceed to collect the same by suit on the note, or by sale of the mortgaged premises, or both, at his option ; he may also, by suit, recover possession of the mortgaged premises before sale thereof."

The act further provides for a sale of the mortgaged premises, upon notice, without going into court to foreclose the mortgage. Secs. 81, 82. The auditor, therefore, might have made the amount due by suit on the note, or

by a sale of the land under the statutory power, or by both, at his option.   But this did not prevent him from bringing his action in court for the recovery of the amount due, and to obtain a judicial foreclosure of the mortgage and an order for the sale of the premises.   See *Deming* v. *The State*, 23 Ind. 416.   By the action in court, he combined both remedies, by obtaining a judgment for the debt, and the foreclosure of the mortgage and a sale of the mortgaged premises.

In our opinion, the judgment of foreclosure merged and extinguished the mortgage, so that no action could thereafter have been brought upon it, nor could it have been again foreclosed by any judicial proceeding, or by sale of the premises under the statute.

A recent writer says : " The rendition and entry of a judgment or decree establishes, in the most conclusive manner, and reduces to the most authentic form, that which had hitherto been unsettled ; and which had, in all probability, depended for its settlement upon destructible and uncertain evidence.   The cause of action thus established and permanently attested, is said to merge into the judgment establishing it, upon the same principle that a simple contract merges into a specialty.   Courts, in order to give a proper and just effect to a judgment, sometimes look behind, to see upon what it was founded, just as they would, in construing a statute, seek to ascertain the occasion and purpose of its enactment.   The cause of action, though it may be examined, to aid in interpreting the judgment, can never again become the basis of a suit between the same parties. It has lost its vitality ; it has expended its force and effect. All its power to sustain rights and enforce liabilities has terminated in the judgment or decree.   It ' is drowned in the judgment,' and must henceforth be regarded as *functus officio*."   Freeman Judgments, 2d ed., sec. 215.

So a judgment upon which a subsequent judgment is re-

covered is merged in the latter judgment. *Gould* v. *Hayden*, 63 Ind. 443. See, also, *Crosby* v. *Jeroloman*, 37 Ind. 264, and *Ault* v. *Zehering*, 38 Ind. 429.

What we have said as to merger applies, of course, to cases like the present, where there has been a judgment of foreclosure for the whole amount secured by the mortgage. We decide nothing as to the effect of a foreclosure for the amount of one or more of several promissory notes secured by the mortgage, where there are others outstanding, or the like cases.

As the mortgage in this case was merged in the judgment of foreclosure, and had become *functus officio*, and, therefore, conferred no power upon the auditor to make the sale, his sale was a nullity, and no title passed thereby, or by his deed in pursuance thereof, to the purchasers.

There is another aspect of the case, that we have thought worthy of consideration in determining whether the auditor's sale might not be upheld.

It is not found that any deed was made by the sheriff on the bidding in of the land by the auditor on the foreclosure sale. Whether or not a deed was necessary, we need not determine; but, for the purpose of determining the point about to be stated, we assume that none was necessary, and that the title to the premises vested in the State for the benefit of the school fund, by the sheriff's sale and return, without a deed.

The 83d section of the statute, above cited, in force at the time the land was bid in by the auditor on the foreclosure, provided that—

"In case of no bid for the amount due, the auditor shall bid in the same, on account of the fund, and as soon thereafter as may be, shall sell the same, having first caused it to be appraised by the township trustees, on a credit of five years, interest at seven per cent. per annum, being paya-

ble annually in advance, but no such sale shall be for a less sum than the appraised value thereof."

The same provision is contained in the 97th section of the act of March 6th, 1865, in force at the time of the auditor's sale in question, except that the appraisement is to be made by three disinterested freeholders of the neighborhood, instead of the township trustees. 1 R. S. 1876, p. 801.

Assuming that the land had been sufficiently acquired by the auditor, by his purchase at the sale on the foreclosure suit, to authorize a sale by him under the provisions of the statute last above cited, still his sale was void for want of appraisement of the land, and a compliance with the provisions of the statute in making the sale. The auditor had no power to make a sale for cash down, when the law required him to sell on a credit of five years. The land would probably sell for a much larger sum if sold on time, than if sold for cash down.

There is, therefore, no ground upon which the auditor's sale in question can be upheld.

It should be observed that it is apparent, from the facts found in reference to the auditor's sale, that it was made professedly under the original mortgage, which we have seen was merged in the judgment of foreclosure, and not under the statutory provisions last above cited. It may also be further observed, that we have not inquired whether the purchaser or purchasers from Skeen might not redeem the mortgage, they not having been made parties to the action to foreclose, that question not being involved in the case.

The judgment below is reversed, with costs, and the cause remanded, with instructions to the court below to render judgment for the defendants in the action, on the special finding of facts