No. 9801.

## HANNA v. SCOTT ET AL.

PARTITION.—*Judgment.—Collateral Attack.—Estoppel.—Res Adjudicata.—Answer.*—In an action for partition against a husband and wife as tenants by entireties, an answer of the husband that, in a former action against him alone, the plaintiff alleged and the court found and adjudged that the husband was the owner in fee of the undivided two-thirds of the land, and the plaintiff the owner of the undivided one-third and awarding partition, contains a good defence.

SAME.—A judgment in partition is valid as to parties served with process.

From the Montgomery Circuit Court.

*D. A. Roach* and *N. P. H. Proctor*, for appellant.

*J. E. Humphries, A. D. Thomas* and *G. W. Paul*, for appellees.

ELLIOTT, J.—Appellant instituted this action to compel partition of real estate, alleging in his petition that he is the owner of an undivided one-third part thereof, and that the appellees are husband and wife, and own the remaining two-thirds as tenants by entireties.

The appellee William H. Scott answered, that on the 29th day of April the appellant filed a complaint, praying partition of the same land, wherein he alleged that he was the owner of an undivided one-third of the land, and that the appellee was the owner of the undivided two-thirds thereof; that the appellee William H. Scott filed an answer and cross complaint, claiming that he and the appellant were tenants in common; that he had made repairs and improvements for which he claimed an allowance; that the issues joined on the complaint, cross complaint and answer were submitted to a jury for trial; that a verdict was returned, finding William H. Scott to be the owner in fee of the undivided two-thirds of the land, and the appellant to be the owner of the undivided one-third; that an interlocutory order was entered upon this verdict awarding partition, and that a final judgment was given, settling the rights of the parties.

The judgment in the first action concludes the appellant, and the court did right in overruling the demurrer to appellee's answer. In his complaint in that action the appellant asserted the appellee's title to be a right in fee, and recovered a judgment sustaining his averment, and he can not collaterally attack that judgment. The decree in the first case is not void as to the husband, whatever it may be as to the wife. A judgment in partition is valid as to the parties served with process, although, of course, invalid as to those not served. *Waltz* v. *Borroway,* 25 Ind. 380; *Dwiggins* v. *Cook,* 71 Ind. 579. The fact that Elizabeth Scott was not a party does not invalidate the judgment as to her husband and co-appellee, who was a party and who joined issue with the appellant.

Counsel argue that the first judgment is a nullity, because the title was in the husband and wife as a joint and indivisible one, and that, unless both were in court, no judgment could be rendered affecting the rights of either. The fallacy of this argument is manifest. As against the judgment decreeing the husband to be the owner of two-thirds and appellant the owner of one-third in fee of the land, the latter has no right

to aver that there was title in some one else. In averring this he affirms that to be true which the judgment declares to be untrue. As long as the judgment remains in force, it concludes him from denying the allegations of his own complaint, for they were directly adjudged to be true. Before the appellant can successfully assert a title different from that established in the first action, he must in some direct proceeding have the judgment therein rendered annulled or set aside.

Judgment affirmed.