Filed Jan. 26, 1884.

---

No. 8116.

## BROWN *v.* HARRISON ET AL.

SHERIFF'S SALE.—*Trust.—Redemption.—Lien.—Complaint.—Demand.—Conversion.*—A complaint averred that a sheriff's certificate of sale issued to W. was by order of court placed in the hands of B., the clerk, to be held in trust until the right thereto should be adjudged; that afterwards it was adjudged that the plaintiff had a lien thereon to satisfy which the certificate was adjudged to be sold at sheriff's sale, which was done, and the plaintiff became the purchaser; that while the certificate was so held by B. and the plaintiff's lien existed, there was redemption under the act of 1861, by payment of the proper sum to B. as clerk, which B., on demand, refused to pay to the plaintiff. Prayer for judgment against B.

*Held,* that the complaint was good on demurrer.

SAME.—*Who Entitled to Money on Redemption.*—The holder of the sheriff's certificate of sale of real estate, and not the assignee of the judgment, is entitled to the redemption money.

PRACTICE,—*Error.*—There is no available error in sustaining a demurrer to a paragraph of answer, when there is another upon which issue is formed, which requires the same evidence to sustain it.

DEMAND. — *Evidence.* — When the plaintiff must aver a demand, proof thereof is unnecessary if the evidence clearly shows that the defendant paid the money sued for to a third person, and wholly denied the plaintiff's right to recover it.

From the Superior Court of Marion County.

*D. V. Burns*, for appellant.
*J. T. Dye*, for appellees.

HAMMOND, J.—This was an action by the appellees against the appellant to recover money alleged to have been paid the appellant, as clerk of the court below, in the redemption of real estate from a sheriff's sale. The appellees claimed to be the owners of the certificate of purchase issued at such sale, and by virtue thereof entitled to the money paid to the clerk for redemption.

The appellant answered in four paragraphs. The appellees' demurrer for want of facts was sustained to the first and second paragraphs. A special reply was filed to the fourth paragraph of answer. The case was tried by the jury and a verdict returned in favor of the appellees. Judgment was rendered on the verdict over the appellant's motion for a new trial. Proper exceptions were taken to the rulings on the demurrer to the first and second paragraphs of answer and on the motion for a new trial.

One of the errors assigned is that the complaint does not state facts sufficient to constitute a cause of action.

The facts stated in the complaint were substantially as follows:

One Henry H. Wheatley, on October 21st, 1876, purchased at sheriff's sale lot 42, in the town of Stratford, a suburban addition to the city of Indianapolis. Afterwards, in an action by the appellees against Wheatley in the court below, the certificate of purchase received by the latter from the sheriff at said sale, was, by order of the court, placed in the hands of the appellant, as the clerk of such court, to be held in trust for the party who should ultimately be found entitled to it by the judgment of the court. It was afterward the judgment of the court in said action that the appellees had a lien upon said certificate of purchase from January 7th, 1877, and that the appellant should deliver said certificate to the sheriff of Marion county, to be sold on execution under a judgment

of the appellees against said Wheatley. Said certificate of purchase was duly sold at sheriff's sale to the appellees, whereby they became the owners thereof and of the interest of said Wheatley in said lot 42. While the certificate was held by the appellant as aforesaid, as such clerk, and while the appellees held a lien thereon, $550 was paid to the appellant as said clerk in redemption of said lot from said sheriff's sale to Wheatley. The complaint avers that, under the facts above stated, the appellees are entitled to said redemption money, and that they made demand of the appellant therefor before commencing suit, but that he refused to pay the same to them. Judgment is demanded for $800.

The appellant's counsel states his objections to the complaint as follows:

"The only claim appellees make to the money paid in to redeem the land is that they held a lien on Wheatley's interest in the certificate of purchase. It is nowhere alleged that Wheatley, at the time of the sale, or at the time the alleged order of court was made, had any interest in the certificate of purchase or the proceeds thereof. Neither is it alleged that Mr. Brown had converted the money to his own use, nor but that he had paid it to the proper party entitled thereto."

The facts stated in the complaint show that the certificate of purchase was issued by the sheriff to Wheatley on his purchase of the lot at sheriff's sale, and that the appellees, by their judgment against him, and their purchase of the certificate at sheriff's sale on execution against him, acquired his title to such certificate. The averment was not necessary that the appellant had not paid the redemption money to the proper person. Under the facts stated in the complaint, the appellees were the only persons entitled to such money, and it is averred that the appellant, on demand, refused to pay the money to them. It was not necessary to allege that Brown had converted the money to his own use. It was sufficient to charge that on demand he had refused to pay the money to the appellees. The redemption law of June 4th, 1861 (2 R.

S. 1876, p. 220), was in force when the transactions mentioned in the complaint occurred. By the first section of that act, when redemption was made by paying the money to the clerk, he held the money for the use of the purchaser, his heirs or assigns. The sale by the sheriff to the appellees transferred to them the title to the certificate of purchase as effectually as if the assignment had been made by Wheatley himself. Section 439, 2 R. S. 1876, p. 208.

It was necessary for the appellees to aver a demand before suit, or that Brown had converted the money to his own use.

The appellant's refusal to pay the money to the appellees on demand was evidence of conversion. *Robinson* v. *Skipworth*, 23 Ind. 311.

The objections to the complaint are not well taken.

The first paragraph of the appellant's answer, after admitting most of the averments of the complaint, alleges that the appellees paid no consideration for said certificate of purchase; that for the sum bid therefor at the sale they entered credit on a judgment held by them against Wheatley; that the certificate of purchase was issued upon a sale under execution on a judgment in favor of Wheatley against William R. Manlove; that said judgment was rendered upon a note executed by Manlove, and was the property of the Southside Planing Mill Company; that the judgment was rendered in the name of Wheatley as trustee for and on behalf of said company; that the sale of said lot, under execution issued on said judgment, was made for said company, and said lot at said sale was purchased by said Wheatley for and on behalf of said company; that the consideration at such sale was paid by said company; that the certificate of purchase was issued to Wheatley as trustee for said company; that at the time the appellees purchased the certificate of purchase Wheatley had no interest therein, but that the same was owned by said company, all of which facts, it is alleged, were known to the appellees when they purchased said cer-

tificate. It is averred that said company made a deed of assignment of all its property to one Henry C. Adams, who duly qualified and entered upon the discharge of his duties as such assignee; and that, before the commencement of this action, the appellant, upon demand, paid said sum of $550 to David V. Burns, the attorney of said Henry C. Adams, assignee of said company.

The facts stated above, if they are sufficient to show that Wheatley took the judgment and purchased the lot as the trustee of the company, show that he did so by virtue of an express trust. This statement of facts is not sufficient to establish a resulting trust. The fourth paragraph of answer sets out the facts with more particularity, showing that Wheatley was the trustee of an express trust in favor of said company in taking the judgment and in the purchase of the lot thereunder at sheriff's sale. The appellees' demurrer was overruled to the last named paragraph of answer. This ruling rendered the sustaining of the demurrer to the first paragraph of answer at most a harmless error, because the same evidence, which would have been necessary to prove the averments of the first paragraph, was admissible under the fourth paragraph of answer.

The material allegations of the second paragraph of answer were to the effect that Wheatley had no interest in the judgment under which the lot was sold at the time of the sale, nor in the certificate of purchase, nor has he had since that time any interest in the same; that on May 25th, 1876, Wheatley assigned said judgment to one Colter, all of which facts were known to the appellees before their purchase of said certificate; and that the appellant paid Colter the redemption money before the commencement of this action.

The facts above stated do not show that Colter was entitled to the redemption money. The judgment was assigned to him, it is stated, on May 25th, 1876. The sale of the lot to Wheatley was on October 21st, 1876. The purchaser of the lot at sheriff's sale, or his assignee, not the assignee of the

judgment, was the person entitled to receive the money paid to the clerk for the redemption of the lot from such sale. The answer states that Wheatley has never had any interest in the certificate of purchase; but it does not aver, nor in any way show, that Colter ever had any interest in it, and fails to allege to whom the same did belong. It was not sufficient to state that Wheatley did not own the certificate of purchase. The name of the owner should have been given, with a statement of facts showing that his rights were paramount to those of the appellees. There was no error in sustaining the demurrer to the second paragraph of the answer.

The appellees did not prove at the trial a demand before suit, and it is urged that, for this reason, there was not sufficient evidence to sustain the verdict. But, as the appellant, both in his pleadings and evidence, denied the appellees' right to the money sued for, claiming that he had before the commencement of this action paid it to another person alleged to have been entitled to it, no demand was necessary. *Toney* v. *Toney*, 73 Ind. 34.

We find no error, and the judgment is affirmed, at appellant's costs.

ELLIOTT, J., did not participate in the decision of this case.

