Curtis *et al. v.* Gooding.

Filed Dec. 12, 1884.

No. 11,461.

CURTIS ET AL. *v.* GOODING.

MORTGAGE.—*Foreclosure.—Parties.—Judgment.*—A decree of foreclosure is a nullity as to one of several owners of the equity of redemption who was not a party thereto, and is no bar to another suit against him to foreclose.

SAME.—*Subrogation.—Purchaser at Sheriff's Sale.*—If, in such case, there has been a sale under the decree, the holder of the sheriff's certificate of sale is by subrogation the real party in interest, and he alone can maintain the second suit.

SAME.—*Husband and Wife.—Joint Tenancy.*—If such second suit be against a married woman, holding with her husband as tenants by entireties, the husband also is a proper defendant.

COURTS.—*Jurisdiction.*—The circuit court, being a court of superior general jurisdiction, has the jurisdiction inherent in such a court, and a specific statute giving it jurisdiction in a given case is not required.

REAL PARTY IN INTEREST.—*Pleading.*—The defence that the plaintiff is not the real party in interest must be specially pleaded.

From the Jennings Circuit Court.

*T. C. Batchelor,* for appellants.

*A. G. Smith* and *F. T. Hord,* for appellee.

ELLIOTT, J.—The appellee's complaint alleges that a mortgage of real estate was executed to her by John C. Curtis; that she instituted a suit to foreclose the mortgage, and obtained a judgment and decree; that on the decree the land

was sold ; that after the sale she discovered that the land had been conveyed by the mortgagor to James B. Curtis and his wife, Carrie Curtis, and that the latter was not a party to the foreclosure suit ; that upon discovering that the land had been so conveyed she paid all the costs of the former suit, and instituted the present one.

It is well settled that if the owner of the equity of redemption is not made a party to the suit, the decree of foreclosure is void. It is not necessary to make the mortgagor a party, although it is proper and is the better practice, but it is indispensably necessary that the person to whom he has conveyed should be a party. As one of the owners of the land was not a party, the decree was void as to her, and the appellee was justified in treating it, so far as she was affected, as a nullity, and if it be a mere nullity, it can not stand in the way of a second suit.

A valid decree will merge a mortgage as a cause of action, though it does not destroy the priority and duration of the lien. In order that the decree shall have the effect to merge the cause of action, it must be a valid one, since to rule otherwise would be to declare that a null thing may destroy or take up a valid thing, and this would be absurd. While it is true, as contended, that a decree works a merger of the cause of action, it is by no means true that a void decree does bring about such a result, for a void decree is in legal effect no decree.

The first paragraph of the complaint does show that the judgment and mortgage are both unpaid, and counsel's argument on this point rests on a false basis and must fall.

It is a mistake to suppose that courts possess only such powers as are expressly conferred upon them by statute. All courts of superior general jurisdiction possess judicial powers independent of legislation. *Nealis* v. *Dicks*, 72 Ind. 374 ; *Cavanaugh* v. *Smith*, 84 Ind. 380 ; *Sanders* v. *State*, 85 Ind. 318 (44 Am. R. 29) ; *Little* v. *State*, 90 Ind. 338 (46 Am. R. 224) ; *Earle* v. *Earle*, 91 Ind. 27. Among these general powers

is that of vacating judgments entered by mistake, of relieving against judgments procured by fraud, and of annulling void sales and entries of satisfaction of judgments and decrees. It is no answer to such a suit as the present to affirm that it is not expressly provided for by statute; it is enough if it appears to be one calling into exercise an inherent power resident in all such courts. The adjudged cases recognize and enforce the principle that a judgment which has no force may be treated as a nullity, and a new suit instituted; they, indeed, go further, for they hold that the proper course to pursue is to disregard the invalid judgment entirely, and proceed upon the original cause of action. *Conyers* v. *Mericles,* 75 Ind. 443; *Davenport* v. *Sovil,* 6 Ohio St. 459; *State Bank* v. *Abbott,* 20 Wis. 599; *Strang* v. *Beach,* 11 Ohio St. 283. This rule, of course, does not apply where the judgment, although erroneous, is not void.

Where an owner of an equity of redemption is not a party to the foreclosure suit, the decree really adjudges nothing as to him, for it is a familiar rule that no one is bound by a decree rendered in a suit to which he was not a party. As the decree is of no force as against one not a party, it is, as to him, a mere nullity, whatever may be its effect upon others, who were served with process. Where an owner of an equity of redemption is not a party, the decree can not merge the mortgage, nor can a sale upon it work a satisfaction as to the person owning the equity of redemption and not a party to the suit. In commencing a second suit to foreclose such an equity, the mortgagee does not twice vex a party for the same cause of action, for there was never any suit upon the cause of action urged in the second suit. The purpose of the second suit is not to obtain a second decree against the same party for the same thing, but its purpose is to secure the foreclosure of an equity of redemption not touched by the first suit. It is perfectly obvious, therefore, that the second suit is not the same as the first, and that it is an essentially different suit prosecuted against a different person, and prosecuted for the purpose of reaching a different interest. Such a case bears

no resemblance whatever to the case of *Hanna* v. *Scott*, 84 Ind. 71.

It would be a reproach to the law, if a party to a suit were precluded from bringing a subsequent suit to foreclose an equity of redemption not affected by the first suit, for the reason that its owner was not a party. The law is not subject to this reproach, for it is quite well settled that a suit may be maintained to bar the equity of one who was not a party to the original suit. The penalty that the plaintiff must suffer is the payment of costs, but he is not compelled to lose his lien or his debt. *Shirk* v. *Andrews*, 92 Ind. 509.

It is true that a decree is valid as to the parties served with process. *Waltz* v. *Borroway*, 25 Ind. 380 ; *Dwiggins* v. *Cook*, 71 Ind. 579 ; *Hanna* v. *Scott, supra.* . But from this premise it can not be inferred that it is valid as to persons not served, for no man who has not had " his day in court" is bound by the decree rendered in the suit. The question here is not whether the decree was valid as to those served, but whether it was valid as to those not served. That the decree in the first case was not valid as to the owner of the equity not made a party, is so plain that no more than a bare statement of the proposition is needed. If it was not valid, then it is idle to assert that there was a former adjudication.

We do not deem it necessary to discuss the point made by counsel, that, as Curtis and wife were tenants by entireties, the decree was a nullity not only as to the wife, but also as to the husband, for it is enough for the present to hold, as we do, that as to the owner of an equity of redemption not a party to the original cause, the appellee, upon the facts stated in the complaint, had a right to maintain a suit. The prime object of such a suit is to secure a foreclosure of an equity of redemption not touched by the first decree, and it is not material in this case to inquire whether that equity dwelt in a joint tenant or a tenant in common.

Where land is held by husband and wife as tenants by entireties, and the wife is not made a party to the original suit

to foreclose, it is proper, if, indeed, not absolutely necessary, to make the husband a party to the second suit brought to reach the wife's interest.

In a suit to foreclose an equity of redemption not reached by a suit upon the same mortgage, it is not necessary to make persons parties whose rights were fully adjudicated by the first decree, for all that the second decree can properly do is to foreclose the equity of the person not a party to the original suit.

There may be unnecessary allegations in both the first and second paragraphs of the complaint, but, however this may be, there are facts stated entitling the appellee to a decree foreclosing the equity of redemption of the defendant who was not a party to the first suit.

The pleas of former adjudication filed by the appellants are not good. It appears from their allegations that the rights arising out of the equity of redemption vested in Mrs. Curtis were not litigated, and could not have been litigated in the original suit, for the reason that she was not a party. It is evident, therefore, that the former judgment does not operate upon the same estate in land as that here sought to be reached, and it is also evident that there was no judgment ever rendered against the person whose equity of redemption it is sought by this suit to bar and foreclose.

The third paragraph of the answer of James B. Curtis and the second paragraph of the answer of Mary Curtis allege that a sale was made on the decree rendered in the original action, that a sheriff's certificate was issued to the appellee, and that it was by her assigned to Rose Gooding. These answers, after setting forth (with much unnecessary particularity) the proceedings prior to the sale, aver that the certificate issued by the sheriff was assigned by the appellee to Rose Gooding, and that, to quote the language of the pleader, "the said Rose Gooding brought her action against John C. Curtis and Charles B. Curtis to recover possession of said real estate by

reason of said mortgage, judgment, sheriff's sale, certificate of sale and assignment thereof, and by no other right or title whatever, which said action has not yet been determined, but was pending long after the present action was commenced, and defendant avers that by reason of said assignment and sheriff's deed said Rose Gooding is now the owner of whatever interest the said plaintiff, Mary J. Gooding, ever had in said mortgage, the debt secured thereby, and the mortgaged premises." We think that the facts pleaded show that Rose Gooding, and not the appellee, is the real party in interest.

There is no doubt that the effect of the assignment of the sheriff's certificate was to divest Mary J. Gooding of all rights represented by it, and vest them in her assignee, Rose Gooding. *Maddux* v. *Watkins,* 88 Ind. 74; *Conger* v. *Babcock,* 87 Ind. 497; *Davis* v. *Langsdale,* 41 Ind. 399; *Splahn* v. *Gillespie,* 48 Ind. 397. This principle is illustrated by the case of *Brown* v. *Harrison,* 93 Ind. 142, where it was held that money paid to redeem land sold on execution went to the holder of the sheriff's certificate, and not to the assignee of the judgment. In *Hasselman* v. *Lowe,* 70 Ind. 414, it was held that the assignee of a sheriff's certificate takes all the rights, but no others, that his assignor possessed. The rights which Mary J. Gooding had under the sale evidenced by the sheriff's certificate were in Rose Gooding at the time this action was begun, and the only question that admits of debate is as to the extent and force of the rights transferred by the assignment of the certificate.

The general rule is that the purchaser at a sale upon a decree of foreclosure succeeds to all the rights of the mortgagee in the event that the sale proves invalid. The purchaser either secures a title under his purchase, or the sale is treated as an equitable assignment of the mortgage to him. *Robinson* v. *Ryan,* 25 N. Y. 320. This equitable assignment operates to subrogate the purchaser to all the rights existing under the mortgage upon which the decree was founded. *Short* v. *Sears,* 93 Ind. 505; *Jones* v. *French,* 92 Ind. 138,

see auth. p. 142; *Ray* v. *Detchon,* 79 Ind. 56; *Muir* v. *Berkshire,* 52 Ind. 149; *Brobst* v. *Brock,* 10 Wall. 519. But the present case is stronger than most, for here the judgment against the mortgagor was valid, and the only infirmity in the proceedings and decree is that the rights of an owner of an equity of redemption were not adjudicated. Rose Gooding stands as a purchaser, for she takes all the rights which her assignor possessed, and it seems very plain that she is the only party in interest, as Mary J. Gooding has no right, estate or interest at all left in her. It would be productive of much confusion, and often of injustice, to permit one party to claim a right to the original judgment and mortgage, and at the same time allow the assignee to claim title under a deed issued upon the foreclosure sale. The rights growing out of the mortgage which lies at the foundation of the judgment and decree in the first, as well as in the subsequent case, were taken from the mortgagee by the assignment of the certificate, which transferred all the rights of the assignor to the assignee. The doctrine of merger, so far as concerns the right of action, is settled by our decisions, although as to the lien of the mortgage there is no merger. *Bowen* v. *Eichel,* 91 Ind. 22; S. C., 46 Am. R. 574; *Gould* v. *Hayden,* 63 Ind. 443; *Evansville Gas-Light Co.* v. *State, ex rel.,* 73 Ind. 219 (38 Am. R. 129); *Lapping* v. *Duffy,* 47 Ind. 51; *Ferris* v. *Cravens,* 65 Ind. 262; *Teal* v. *Hinchman,* 69 Ind. 379. The cause of action which the mortgage contained passed by the assignment of the certificate to Rose Gooding.

The principal right passed to the assignee Rose Gooding, and with this principal passed all incidents, and one of these incidents was the right to secure the entire estate by barring the outstanding equity of redemption dwelling in an owner not made a party to the first foreclosure suit. It can not be held, without violating fundamental doctrines, that the principal right can reside in one person, and an incident, inseparably connected with that right, exist in still another person. As the incident owes its existence to the principal right, it is

the person who possesses that right who also possesses the incident. The two things are inseparably blended, and the owner of the principal is, of necessity, the owner of the subordinate right annexed to it.

It has long been the rule that the defence that the plaintiff is not the real party in interest must be specially pleaded. *Lamson* v. *Falls*, 6 Ind. 308 ; *Swift* v. *Ellsworth*, 10 Ind. 205 ; *Garrison* v. *Clark*, 11 Ind. 369 ; *Lawrence* v. *Long*, 18 Ind. 301 ; *Hereth* v. *Smith*, 33 Ind. 514 ; *Treadway* v. *Cobb*, 18 Ind. 36 ; *Mendenhall* v. *Baylies*, 47 Ind. 475 ; *Felton* v. *Smith*, 84 Ind. 485 ; *Board, etc.*, v. *Jameson*, 86 Ind. 154. It is not enough to state in general terms that the plaintiff is not the real party in interest, but facts must be specifically pleaded showing who is the real party in interest. In *Hereth* v. *Smith*, *supra*, the court, by WORDEN, J., in speaking of an answer setting up the defence in general terms, said : "That such pleading is bad needs the citation of no authorities, but for the convenience of reference we cite the following : *Garrison* v. *Clark*, 11 Ind. 369; *Elder* v. *Smith*, 16 Ind. 466; *Raymond* v. *Pritchard*, 24 Ind. 318; *Lewis* v. *Sheaman*, 28 Ind. 427."

It was necessary for the appellants to set forth, with reasonable particularity, the facts showing the transfer of title to Rose Gooding, and it can not be justly said that the prolixity with which the facts are pleaded shows that the answers were designed to set forth some other defence. The old maxim in the law of pleading, that surplusage does not vitiate, forbids the conclusion which the appellee seeks to establish.

It is true that a plaintiff in his pleadings must always show title, and, where the general denial is interposed, must always establish it by his evidence ; but this rule does not antagonize the rule laid down in the cases to which we have referred. The only title a plaintiff is required to show is a *prima facie* one, and in order to defeat such a title facts showing some one else to be the real party in interest must be specially pleaded. This case supplies an apt illustration. Mary J. Gooding, by showing a note and mortgage executed to her made out a

*prima facie* title, and in order to be entitled to give evidence tending to defeat that title, it was necessary for the appellants to plead the decree, sale, execution of the sheriff's certificate, and its assignment to Rose Gooding.

Judgment reversed.

Filed Dec. 16, 1884.