No. 19.

### JENNERS v. SPRAKER.

REAL ESTATE.—*Sale of.—Money Paid.—Action to Recover.—Complaint.— Redemption of Real Estate.—Averments As To.*—In an action to recover money paid upon a written agreement for the purchase and sale of a piece of real estate, the agreement providing, among other things, that in case of the redemption of said real estate [the defendant at the time of the execution of the agreement being simply the owner of a sheriff's certificate of sale for the real estate], the defendant was not to be under any obligation to make a deed, and was to refund the money paid, the complaint need only aver the fact of the redemption of the land. An averment showing that the parties redeeming, or attempting to redeem, had the right to do so, was unnecessary.

SAME.—*Evidence.—Judgment Setting Aside Redemption.—Transcript.—Admissibility of in Evidence.—General Denial.*—It was competent for the defendant to introduce in evidence, under the general denial, the transcript of a judgment in his favor against the parties seeking to redeem, annulling and setting aside the pretended redemption of the lands in controversy from his sale. The right of the plaintiff to recover the money paid upon the written agreement for the purchase and sale of the real estate depended upon the validity of the redemption.

DEMAND.—*Action for Recovery of Money.—When Demand Unnecessary.*— Where one disputes his liability to refund the money for the recovery of which he is sued, a formal demand is unnecessary before instituting suit.

From the Tippecanoe Circuit Court.

*A. W. Caldwell* and *J. L. Caldwell,* for appellant.

*W. H. Bryan, W. R. Wood, J. O'Brien* and *C. C. Shirley,* for appellee.

ROBINSON, J.—This was an action by the appellee against the appellant to recover money paid upon a written agreement for the purchase and sale of certain real estate in Howard county, Indiana. The complaint substantially alleges that the appellant was, at the time of the making of the agreement, the owner of a sheriff's certificate of sale for the real estate described in the agreement; that the time for redemption had not expired; that the appellant agreed to convey said real estate to the appellee, by good and sufficient warranty deed, and furnish an abstract of title as soon as convenient, after he should get a sheriff's deed on said certificate; that in consideration thereof appellee was to make a cash payment of $300, and on the delivery of said deed was to make certain other payments, execute certain notes and to purchase said real estate. It was further agreed that in case of the redemption of said real estate, said appellant was not to be under any obligation to make a deed and was to refund the money paid. The agreement was executed, the money paid, and before the time the redemption expired, J. J. Hoss & Co., who held a mortgage lien on the real estate, redeemed from said sale. Prayer for judgment for the recovery of money paid, and for damages.

A motion was filed to make the complaint more specific. The motion was overruled and proper exception was taken by bill of exceptions.

A demurrer was filed to the complaint. The demurrer was overruled and appellant excepted.

A counter-claim was filed by the appellant, but further mention thereof under the proceedings is not necessary.

The answer to the complaint was a general denial. The cause was tried by the court. There was a finding for the appellee. Motion for a new trial overruled, and exceptions. Judgment for appellee, etc.

Errors are assigned as follows:

1st. The court erred in overruling a motion to make the complaint more specific.

2d. The court erred in the overruling the appellant's demurrer to the complaint.

3d. The court erred in overruling appellant's motion for a new trial.

There was no error committed in overruling the motion to make the complaint more specific. The facts were averred with sufficient certainty.

The argument of the appellant that the court erred in overruling the demurrer to the complaint is briefly this: That the averment that J. J. Hoss & Co. held a mortgage on the land and were made parties to the foreclosure proceedings was insufficient, but that the interest they had, and how derived, must be alleged. The complaint should show all of the requirements of a bill to redeem. The complaint should show, at least, the clear right of the person alleged to have redeemed to redeem, and to do this the complaint must show the mortgage to have been recorded, and that the mortgage held by J. J. Hoss & Co. was executed by, or derived from, the mortgagor, directly or indirectly, who owned the title or had some interest in it; that the complaint failed to allege that appellee performed his part of the contract; that the allegation " that he has performed all the conditions of his contract in so far as it was possible for him so to do," is not sufficient, and that no demand for an abstract is alleged.

The contract sued upon was for the payment of money upon the happening of a certain event. That event was the contingency of the redemption of the real estate described in the contract. The redemption seemed to have been anticipated by both parties, in which event the money paid was to be refunded.

The complaint alleges the execution of the contract, the redemption of the land, and the refusal to pay. The question as to whether there was, or was not, a redemption, was a question of fact. It was only necessary to plead the fact, and certainly not good pleading to plead the evidence. The allegations of the complaint, considered together, were suffi-

Jenners v. Spraker.

cient to withstand a demurrer. If the motion to make the complaint more specific had contained some of the objections urged against the complaint on demurrer, it would have perhaps raised the questions that are sought to be presented on the demurrer. There was no error committed in overruling the demurrer. *Cincinnati, etc., R. R. Co.* v. *Chester*, 57 Ind. 297 ; *Brookville, etc., T. P. Co.* v. *Pumphrey*, 59 Ind. 78 ; *Pennsylvania Co.* v. *Sedwick*, 59 Ind. 336 ; *Sibbitt* v. *Stryker*, 62 Ind. 41 ; *Baugh* v. *Boles*, 66 Ind. 376 ; *Shappendocia* v. *Spencer*, 73 Ind. 128.

The appellant's motion for a new trial contains three causes :

1st. The decision of the court is not sustained by sufficient evidence.

2d. The decision of the court is contrary to law.

3d. The court erred in excluding the following evidence offered by the appellant, viz., the transcript of the judgment in favor of Francis I. Jenners against J. J. Hoss & Co., annulling and setting aside the pretended redemption of the lands in controversy from the sale of said Jenners.

The question upon which this case must turn, and the one that forms the real ground of contention, is whether the lands described in the agreement sued on were redeemed from the sheriff's certificate held by the appellant before he was to convey to the appellee. If there was such redemption, that being the real gist of the action, then the right of the appellee to recover the money paid under the agreement is clear.

Appellant makes the claim that the evidence fails to sustain the finding, because it does not show there was a demand for the money before suit. " Where one disputes his liability to refund the money for which he is sued, no formal demand is necessary." The appellant not only disputed his liability to refund the money, but was insisting upon a specific performance by appellee, and taking steps to that end. *Toney* v. *Toney*, 73 Ind. 34 ; *Brown* v. *Harrison*, 93

Ind. 142; *Voris* v. *State, ex rel.,* 47 Ind. 345; *Higgins* v. *State, ex rel.,* 87 Ind. 282. But the evidence shows that by letter from appellee to appellant's attorney, a demand was made. It is true, to establish appellee's right to recover the money paid under the agreement, the burden was on him to show that the lands described in the agreement had been redeemed. A careful examination of the evidence makes it clear that the trial court could have reasonably and fairly concluded, from all the evidence, that the land was redeemed in strict conformity to law, and having so found we can not, where the evidence tends to sustain the finding, interfere with it.

The remaining claim of appellant is that " the court erred in refusing to allow appellant to introduce in evidence the transcript of the judgment of the Howard Circuit Court setting aside the pretended redemption of J. J. Hoss & Co."

The correctness of the rulings of the trial court in refusing to allow appellant to introduce in evidence this transcript, is not entirely free from difficulty. The appellant's contention is that "if the appellee could, under the issue, show evidence of the waiver of the irregularities of the redemption, then in response thereto appellant was entitled to introduce the record of said judgment in contradiction." If the record was irrelevant, the appellant could not claim to introduce it, because he had consented to the admission of irrelevant evidence offered by the appellee; it must have been admissible, if at all, on some other ground. It is claimed by the appellee, with much confidence, that the judgment could not have been properly admitted under a general denial, even if appellee had been a party to it, which he was not, and we are referred to *Brady* v. *Murphy,* 19 Ind. 258, and other authorities. The assumption of the appellee is not sustained by these authorities; but they settle, as a rule of pleading, that where the judgment of a court is the foundation of an action, or defence, such judgment, or a transcript, of it, must be made a part of the pleading in setting it up, as

in case of written instruments. Former recovery can not be given in evidence under the general denial. This rule does not meet the question in this case, which, under the issue, was, had there been a redemption of the real estate ? We think it was competent, if the judgment was admissible at all, to permit it to be read in evidence under the general denial in negativing the allegation in the complaint, that there had been a redemption of the real estate. In order to present this question intelligently, reference must be had to the terms of the agreement sued on, wherein it was provided that in case the land was redeemed the money was to be refunded and, if not redeemed, a warranty deed was to be made, and an abstract of title furnished, and the terms of the contract consummated ; and, in connection therewith, the fact that J. J. Hoss & Co., who held a junior mortgage did, on the 28th day of May, 1887, redeem said land from the judgment upon which appellant held it on his certificate of purchase, and pay to the clerk of the court the amount required in redemption. No entry of redemption was made, and the appellant did not receive the money. On the 3d day of June, 1887, appellant commenced his action in the court in which the judgment was rendered against the firm of J. J. Hoss & Co., to set aside the redemption of said land by them. On the same day the record shows that the defendants appeared in person to said action, waived the issuing of summons, and by agreement submitted the cause to the court, who found said redemption null and void, ordered the same to be vacated and set aside, and directed the clerk of said court to repay said defendant the sum of $900.35 paid to him in attempting to make said redemption ; and said sum was, on said day, repaid to J. J. Hoss & Co. by the clerk of said court, and received by them under said order, and judgment ; that on the 4th day of June,1887,the sheriff of Howard county executed a deed to the appellant, upon his certificate of purchase, which was duly recorded ; that before this suit

was commenced appellant made and tendered a warranty deed, with an abstract of title of said land, to the appellee, and demanded a performance of said contract. Now, under this state of facts, as shown in the record, was it not error in the trial court to refuse to permit appellant to read the transcript in evidence? It went to the very gist of the controversy, that is, whether there had or had not been a redemption of the real estate. The fact that the appellee was not a party to the action setting aside and annulling the redemption made no difference; there was no reason why he should have been made a party; he had no interest requiring him to be made such.

It is contended by the appellee that the judgment was void. The court had jurisdiction of the subject-matter of the action, and of the parties. There is nothing apparent upon the face of the record to make it void, or even voidable. The fact that no summons or notice appears in the record, when it shows that the defendants appeared in person, waived the issuing of summons, and by agreement submitted the cause to the court for trial, obviated the necessity of summons, or notice. It makes no difference that there may have been evidence that one or all of the judgment defendants knew nothing of the case as pending, and had no notice, or that it may be claimed that it was obtained through fraud and collusion. Yet upon the face of the record it was a valid judgment, and as such was proper and legitimate evidence upon the questions in issue in the case, and should have been admitted on the trial.

For this reason the motion for a new trial should have been granted. This cause is therefore reversed, with instructions to grant a new trial, and for further proceedings in accordance with this opinion, at the costs of the appellee.

Filed April 3, 1891; petition for a rehearing overruled June 23, 1891.