## Hereth and Another *v.* Smith.

PLEADING.—*Answer.*—*Party in Interest.*—In an action on a promissory note by an indorsee against the maker, an answer admitting the execution of the note and alleging that the plaintiff is not the real party in interest, that he has no interest whatever in the note, and that it belongs to a third person, but not stating facts authorizing such conclusions, is bad on demurrer.

APPEAL from the Marion Civil Circuit Court.

WORDEN, J.—This was an action by Mary Smith against the appellants upon a promissory note executed by the

latter to one S. B. Hartman and by him indorsed to the plaintiff. Issue, trial, verdict, and judgment for the plaintiff for the amount of the note and interest. The record does not contain the evidence, or the instructions given, or those refused. There is no question before us properly, except that arising upon the fourth paragraph of the answer, to which a demurrer was sustained and exception taken. That paragraph is as follows: '

"And for a further answer herein, the said defendants Hereth and Langsdale say that they admit the execution of the note in the said complaint mentioned, but they say that the plaintiff ought not to have and maintain said action herein against them, because they say that said plaintiff is not the real plaintiff [party] in interest; that she has no interest whatever in said note, and that said note belongs to one ———. Wherefore defendants pray judgment for costs," &c.

All pleadings in bar of an action resolve themselves into two classes, viz.: those in denial, and those by way of confession and avoidance. The above paragraph can hardly be held good as a denial of the cause of action, for the reason that it does not controvert or deny any allegation of the complaint. It expressly admits the making of the note, and does not deny the indorsement thereof to the plaintiff, as alleged in the complaint. Regarded as an answer by way of confession and avoidance, it must be taken to admit expressly or impliedly the making of the note and the indorsement thereof to the plaintiff, as alleged in the complaint; and admitting those facts, the inquiry arises, what new facts are alleged in avoidance of the legal effect of the facts thus admitted? It alleges that the plaintiff is not the real party in interest, &c.

The legal qualities of the answer will not be changed, but may be illustrated, by putting it in this wise: The defendants admit the making of the note, and that it was duly indorsed to the plaintiff by the payee thereof, as alleged in the complaint; but still they say she does not own it, but, on

the contrary, it belongs to some one else, and she is not the real party in interest. But if the note was thus endorsed to the plaintiff, why does she not own it? why is she not the real party in interest? and how did it become the property of some one else? The pleading fails to answer any of these queries, or to state any facts from which the assumptions are drawn. No new facts whatever are stated that avoid the legal effect of the facts thus admitted. That such pleading is bad needs the citation of no authorities, but for convenience of reference we cite the following: *Garrison* v. *Clark*, 11 Ind. 369; *Elder* v. *Smith*, 16 Ind. 466; *Raymond* v. *Pritchard*, 24 Ind. 318; *Lewis* v. *Sheaman*, 28 Ind. 427.

The judgment below is affirmed, with two per cent. damages and costs.

*J. E. McDonald, A. L. Roache, E. M. McDonald, J. M. Butler, P. W. Bartholomew, A. G. Porter, B. Harrison,* and *W. P. Fishback,* for appellants.

*F. Rand* and *R. H. Hall,* for appellee.