### HASKELL ET AL. *v.* GALLAGHER ET AL.

[No. 2,592. Filed May 20, 1898.]

MECHANIC'S LIEN.—*May be Acquired on Oil Well.*—A lien may be acquired on an oil well for labor performed and fuel furnished in drilling such well, under the provisions of section 7255, Burns' R. S. 1894.

From the Jay Circuit Court. *Affirmed.*

*Frank H. Snyder, George W. Bergman, Jacob Denney* and *James Moran,* for appellants.

*J. J. M. LaFollette, O. H. Adair* and *J. A. M. Adair,* for appellees.

BLACK, J.—Demurrers of the appellants for want of sufficient facts to the complaint of one of the appellees and to cross-complaints of the other appellees were overruled. Each of these pleadings showed that the appellants, being tenants under an oil and gas lease of certain land, for the term of five years and as much longer as gas and oil should be found in paying quantities on said land, caused to be erected thereon an oil and gas derrick, and contracted with one Peter Ogle to drill a well for oil or gas where the derrick was located. One of the appellees furnished natural gas to said contractor for fuel with which to run the engine by which power was supplied for drilling the well. All the other appellees performed labor in the drilling of the well under the employment of said contractor.

It was alleged in the complaint and each of the cross-complaints, that the well so drilled "is now a

producing oil well, and that the derrick, drive pipe, pumping outfit, boiler, engine and connections, lead and steam pipes are all attached and constitute a part of said oil well and structure." The pleadings each contained the usual and proper averments for the enforcement of the statutory mechanic's or material man's lien under a notice thereof exhibited with each pleading; and upon trial of issues formed, the court in pursuance of its findings, rendered judgment enforcing liens in favor of the appellees upon the leasehold interest of the appellants. The controlling question to be decided is whether or not a mechanic's or material man's lien may be had and enforced for labor done and fuel furnished in drilling an oil well.

The statute under which the appellees proceeded, section 7255, Burns' R. S. 1894, provides, that contractors, etc., and "all persons performing labor or furnishing material or machinery for erecting, altering, repairing, or removing any house, mill, manufactory, or other building, bridge, reservoir, system of water works, or other structure, may have a lien," etc. If the appellees could claim the benefit of this statute it would seem that it must be upon the ground that an oil well as described in the pleadings is a "structure" within the meaning of that word in the connection in which it is used in the statute. The term, when applied to a material thing made by human labor, whether considered etymologically or with reference to common usage, or with regard to the words by which it is immediately preceded in the statute, means something composed of parts or portions which have been put together by human exertion.

We are not left to rely upon our own knowledge or common usage as to what is meant and understood by the expression "an oil well," but the thing to which

that name is applied in the pleadings is there described, in language which we have quoted. It consists, when ready for its useful purpose, of much more than the mere hole in the earth, in the drilling of which the appellees performed labor or furnished material. Not only was the oil well, a portion, the most important portion, of which was made by labor and fuel furnished by the appellees, a structure in the literal sense, but when it is regarded in connection with the structures specifically named in the statute, it must, we think, be considered as within the legislative intent in the use of the statutory phrase "other structure." For performing labor or furnishing material for the making of any part of such a structure, though it be in the drilling of the hole for the insertion of the tubing through which the oil may flow or may be pumped, a lien may be had under the statute.

In *McElwaine* v. *Hosey*, 135 Ind. 481, 492, it was said that the boiler, engine, shafting, beam, derrick, reel, ropes, and drill, when put in place and action, in drilling a gas well, constitute, not a mill, but a structure within the meaning of the statute above mentioned. If such appliances for making a gas well be a structure, it would seem that a completed oil well with all its appliances, including the drilled hole in the earth, with its tubing, should also be regarded as within the meaning to which the language of the statute may legitimately be expanded in its application by the courts. The judgment is affirmed.