## MOSSBURG ET AL. *v.* UNITED OIL AND GAS COMPANY.

[No. 6,405.    Filed April 2, 1909.]

1. PLEADING.—*Complaint.*—*Contracts.*—*Statute of Frauds.*—A complaint alleging that defendant company owed its oil-well contractor $300, that plaintiff furnished coal of a certain value to such contractor, and that such company agreed to pay for same, is insufficient, since it shows an oral contract, invalid under the statute of frauds. p. 466.
2. MECHANICS' LIENS.—*Coal Furnished to Contractor.*—A mechanic's lien cannot be taken on an oil-well for the value of coal furnished to the contractor sinking such well. p. 467.

From Wells Circuit Court; *C. W. Watkins,* Judge.

Suit by Edward Mossburg and another against the United Oil and Gas Company. From a judgment for defendant, plaintiffs appeal. *Affirmed.*

*Merriman & Dailey* and *Eichhorn & Vaughn*, for appellants.

*Simmons & Dailey*, for appellee.

WATSON, C. J.—The complaint in this cause was in three paragraphs. The first paragraph sought to foreclose a mechanic's lien for coal furnished to J. N. Demming, who had contracted to drill an oil-well for appellee, and which was used by him in the drilling of said well. The third paragraph was based upon a promise by appellee to pay for the coal furnished by appellants to J. N. Demming to be used in drilling said oil-well for appellee, and thereby sought a personal judgment. A demurrer was addressed to each paragraph of complaint, overruled as to the first and second and sustained as to the third, and exception by appellants. The court made a special finding of facts, the sixth being as follows: "That the coal furnished by the plaintiffs, William Merriman and Edward Mossburg, under the firm name of the Keystone Coal Company, to J. N. Demming. who was a driller, was used in the construction of oil-well No. 8 on the premises described in finding five, under a contract by Demming with the defendant." The court stated, as the conclusion of law, that the plaintiffs are not entitled to recover by their suit.

Errors assigned and discussed are: "(1) That the trial court erred in sustaining appellee's demurrer to the third paragraph of complaint; (2) that the trial court erred in its conclusion of law upon the facts found by it."

The third paragraph contains the following allegation to wit: "The defendant, the United Oil and Gas Company, being then and there indebted to said J. N. Demming,

1. for drilling an oil- and gas-well upon said lease, in the sum of more than $300, promised and agreed to

Indianapolis, etc., R. Co. *v.* Town of New Castle—43 Ind. App. 467.

pay plaintiffs for said coal." Section 7462 Burns 1908, §4904 R. S. 1881, provides that all contracts must be in writing when it is sought "to charge any person, upon any special promise, to answer for the debt, default, or miscarriage of another." *Langford* v. *Freeman* (1877), 60 Ind. 46; *Cheesman* v. *Wiggins* (1890), 122 Ind. 352. There was no error in sustaining the demurrer to the third paragraph. It is shown by the averments of the complaint and the findings that this indebtedness, for which the mechanic's lien is sought to be foreclosed, is for coal furnished to J. N. Demming, the contractor, while drilling an oil-well for appellees.

In the case of *Cincinnati, etc., Railroad* v. *Shera* (1905), 36 Ind. App. 315, the court had under consideration the very question involved in this case, viz.: Does the statute authorize the enforcement of a mechanic's lien for coal furnished a contractor? It was decided that it did not admit of such a construction, and upon the authority of that case, and cases therein cited, this case must be affirmed, however meritorious the claim of appellants may be.

Judgment affirmed.