## NIAGARA OIL COMPANY v. McBEE.

[No. 6,741. Filed March 16, 1910.]

1. MECHANICS' LIENS.—*Oil Wells.—Coal Used in Sinking.—Judicial Notice.*—Under §8295 Burns 1908, Acts 1899, p. 569, providing that "all persons performing labor or furnishing material or machinery * * * may have a lien" upon the structure "for which they may have furnished material or machinery of any description, * * * to the extent of the value of any labor done, material furnished or either," a person who furnishes coal to an independent contractor to be used in generating power to sink an oil well, for defendant, has no right to a mechanic's lien upon such well or its fixtures, the court taking judicial notice that such coal did not actually become a part of such well or fixtures. *Haskell* v. *Gallagher*, 20 Ind. App. 224, overruled. p. 579.

2. MECHANICS' LIENS.—*Statutes.—Construction.*—The statute providing for the creation of mechanics' liens (§8295 Burns 1908, Acts 1899, p. 569) is strictly construed in determining what persons are entitled to the benefits thereof. p. 579.

From Delaware Circuit Court; *Joseph G. Leffler,* Judge.

Suit by Miller McBee against the Niagara Oil Company. From a decree for plaintiff, defendant appeals. *Reversed.*

*Simmons & Dailey* and *F. A. Shaw,* for appellant.
*Walter L. Ball* and *A. E. Needham,* for appellee.

MYERS, C. J.—Appellee instituted this action against appellant and others to collect $325.32 for coal, alleged to have been sold and delivered to appellant and others, and to enforce a mechanic's lien against certain property belonging to appellant. Appellee dismissed as to all the parties, named in the complaint as defendants, except appellant. The complaint was in one paragraph, to which appellant's demurrer for want of facts was overruled, and this ruling is assigned as error. The complaint shows that for coal sold and deliv-

ered by appellee to appellant, a certain sum of money was due and unpaid. It was sufficient to withstand a demurrer for want of facts. *Farrell* v. *LaFayette Lumber, etc., Co.* (1895), 12 Ind. App. 326. Appellant answered the complaint in two paragraphs. The first was a general denial. The second paragraph, in substance, averred that the Niagara Oil Company was the owner of an oil and gas lease on the real estate described in the complaint, and had no other interest therein; that, as such owner, appellant entered into a contract with Demick & Whitney, whereby the latter agreed to construct and complete oil and gas wells on said real estate for said company; that, in the construction and completion of said wells, said Demick & Whitney entered into a contract with plaintiff, whereby said plaintiff furnished to said Demick & Whitney the coal mentioned in the complaint, and which was used by them only as fuel to generate steam for power in the operation of machinery used in the drilling of said wells, and was used for no other purpose; that defendant never bought or received any coal from plaintiff, and at no time had any contractual relations with plaintiff for the purchase of any coal, and never agreed at any time to pay plaintiff for said coal; that said coal was used by said Demick & Whitney for the purpose before stated and for no other whatever. A demurrer to this paragraph of answer, for want of facts, was sustained, and that ruling is assigned as error.

Certain other proceedings were had in said cause whereby issues were formed, and the cause submitted to the court for trial. The court made a special finding of facts, and stated conclusions of law thereon. Over appellant's objection and exception to each conclusion of law, a decree was entered in favor of appellee. Error is based on the exceptions to the conclusions of law.

In substance, it appears from the special findings that on November 27, 1906, and for five years prior thereto, appellee

Vol. 45—37

was a resident of Delaware county, Indiana, and was engaged in the grain and coal business; that on said last-mentioned date, and for a year prior thereto, Clarence Demick and one Whitney were engaged in the business of drilling and constructing oil wells in said county, under the firm name of Demick & Whitney; that during the months of August, September, October and November, 1906, the appellant was the owner of a gas and oil lease on a certain farm in said county, and, as such owner, contracted with said firm to drill and construct two oil wells upon said land, and in pursuance of said contract said firm, in the months aforesaid, did drill, construct and complete said wells; that appellee sold and delivered to said firm, while so engaged in constructing and completing said wells, a certain quantity of coal at a price named a ton for the first well, and a certain quantity for the second well, all of which was used in drilling, constructing and completing said wells upon said farm, and upon the lease of appellant and for appellant; that said coal was furnished and delivered by appellee to said firm upon a contract between them, and used by the firm as aforesaid; that within sixty days from the time of the last delivery of coal to said firm, as aforesaid, appellee caused notice of his intention to hold a mechanic's lien upon said lease and leasehold rights, and all oil well structures, derricks, etc., to be filed in the office of the recorder of said county, stating in said notice his intention to hold a lien upon said structures for the amount of his claim, etc. Upon the facts found the court concluded that appellee was entitled to a lien and to a foreclosure thereof against appellant upon said oil well structures and leasehold rights, and that they should be sold to make assets to pay appellee's claim in the sum of $253, including attorneys' fees, and for the payment of the costs.

The controlling question in this case is, Was appellee entitled to a mechanic's lien on appellant's property for coal

1. furnished by appellee to Demick & Whitney, contractors, and used by them as fuel to generate steam for power to run machinery used in the drilling and constructing of oil wells for appellant? This question is presented by the errors assigned upon the ruling of the court on the demurrer to the answer, and upon the exceptions to the conclusions of law. Appellee evidently proceeded under §8295 Burns 1908, Acts 1899, p. 569, which provides: "That contractors * * * and all persons performing labor or furnishing material or machinery * * * may have a lien separately and jointly upon the house * * * which they may have erected * * * or for which they may have furnished material or machinery of any description, * * * to the extent of the value of any labor done, material furnished or either." This section of our mechanics' lien law was before the Supreme Court in the case of *Potter Mfg. Co.* v. *A. B. Meyer & Co.* (1909), 171 Ind. 513, and the ruling there announced requires the party claiming a lien to show not only that the materials were furnished for and were actually used in erecting, altering or repairing the structure on which the lien is asserted, but that they were furnished upon a contract which required the title to the materials furnished to pass to the owner of the property subject to the lien and became a part thereof, and to some extent enhanced its value. While the special findings in this case exhibit a purpose to make the coal used a part of the structure, yet we cannot close our eyes to the fact that it was not used in such a way as to become and remain any part of it.

. The Supreme Court and this court have held in a number of cases that this statute must be strictly construed in determining what persons are entitled to its protection.

2. *Indianapolis, etc., Traction Co.* v. *Brennan* (1910), 174 Ind. 1; *Cincinnati, etc., Railroad* v. *Shera* (1905), 36 Ind. App. 315; *Krotz* v. *A. R. Beck Lumber Co.* (1905), 34 Ind. App. 577. In the case of *Morris* v. *Louisville, etc., R.*

*Co.* (1890), 123 Ind. 489, it is said: "Courts must construe and enforce the statute as a remedial one, but they cannot extend it to meet cases not within its scope, however meritorious they may be." In the case of *Mossburg* v. *United Oil, etc., Co.* (1901), 43 Ind. App. 465, the question here presented was considered by this court and decided adversely to appellee. Appellee relies largely on the case of *Haskell* v. *Gallagher* (1898), 20 Ind. App. 224, 67 Am. St. 250. The later cases seem to be in conflict with the former, and so far as it purports to hold that a lien may be had and enforced for fuel furnished and used in drilling a gas or oil well, the case is now overruled. The weight of authority is with appellant upon the question under consideration.

Judgment reversed, with instructions to the trial court to restate its conclusions of law in accordance with this opinion, and render a judgment in favor of appellant.