## STOUFFER v. STOY.

[No. 6,978.   Filed March 15, 1910.   Rehearing denied June 10, 1910.]

1. BILLS AND NOTES.—*Bills of Exchange.*—*Ownership.*—*Burden of Proof.*—*Instructions.*—An instruction, in an action by an indorsee of a bill of exchange against the acceptor thereof, that the burden is upon the plaintiff to prove that he is a good-faith purchaser of such bill, is incorrect, where the answers consisted of the general denial and affirmative defenses, such burden being on the defendant. p. 181.

2. APPEAL.—*Prejudicial Instructions.*—*Burden of Proof.*—Where the evidence is conflicting, a general verdict for appellee acceptor does not render harmless an instruction erroneously placing the burden of proof upon the appellant assignee to establish that he was a *bona fide* holder of the bill of exchange sued on. p. 181.

From Daviess Circuit Court; *Milton S. Hastings,* Special Judge.

Action by Joseph C. Stouffer against William L. Stoy. From a judgment for defendant, plaintiff appeals. *Reversed.*

*Edgar T. Laughlin, Milton Remley* and *Ralph Otto,* for appellant.

*Ogdon & Inman* and *D. J. Hefron,* for appellee.

RABB, J.—This action was brought by appellant against appellee, as the acceptor of four bills of exchange, alleged to have been drawn on appellee by the Puritan Manufacturing Company, made payable to itself, accepted by appellee and assigned to appellant.

Appellee answered the complaint in five paragraphs, among them the general denial and one setting up that appellant was not the owner of the bills sued upon at the time the action was brought. The case was put at issue, and a jury trial had, resulting in a verdict in favor of appellee. Appellant's motion for a new trial was overruled, and judgment rendered on the verdict.

The overruling of appellant's motion for a new trial is the only error assigned.

Among other reasons assigned for a new trial was the giving by the court of the following instruction:

"The burden is on plaintiff to show by a preponderance of evidence that he is the *bona fide* or good-faith holder of the acceptances sued on; that he purchased them in due course of business, before maturity, without notice of any equities or defenses of defendant, and that he paid a valuable consideration therefor."

All of the defenses pleaded by the defendant were affirmative, except the general denial, and this did not put in issue appellant's ownership of the bills sued upon, and that he was not the real party in interest. This was an affirmative defense, and was required to be pleaded and to be proved by appellee before he was entitled to a verdict on the issue thereby presented. *Lamson* v. *Falls* (1855), 6 Ind. 309; *Garrison* v. *Clark* (1858), 11 Ind. 369; *Hereth* v. *Smith* (1870), 33 Ind. 514; *Felton* v. *Smith* (1882), 84 Ind. 485; *Curtis* v. *Gooding* (1884), 99 Ind. 45; *Bowser* v. *Mattler* (1894), 137 Ind. 649.

This instruction erroneously imposed a burden on appellant that he was not required to bear. He was not put to the proof of how he acquired possession of the bills sued on, unless appellant established some of its affirmative defenses against the bills. If appellee had no defense against the bills in the hands of the drawee, appellant's right of recovery would be perfectly clear, unless appellee showed by a preponderance of the evidence that appellant did not own them when the suit was brought.

Appellee is here insisting upon the affirmance of the judgment, because the jury found in his favor. The evidence was of such a character as would sustain a verdict either way upon this issue; hence a misdirection of the jury as to the burden of the proof, compels a reversal of the judgment.

Judgment reversed, and a new trial ordered.