HERMAN TAPP CONSTRUCTION COMPANY ET AL. *v.*
PAUL, COMMISSIONER, ET AL.

[No. 11,034. Filed June 22, 1921. Rehearing denied October 26, 1921. Transfer denied January 6, 1922.]

1. DRAINS.—*Construction.—Liens of Labor and Materials.—Statute.*—Acts 1885 p. 129, §7, as amended by §6147 Burns 1914, Acts 1907 p. 508, providing that "all laborers and other persons" who shall "perform any labor or other services, or furnish board or any materials in the construction of any work" under the provisions of the act, "shall have a lien upon the funds raised for the payment of the same," gives laborers a lien for their labor and other services, and persons furnishing materials a lien for the amount due them, but does not give laborers a lien for materials, nor give persons furnishing materials a lien for labor or services. p. 309.

2. DRAINS.—*Construction.—Right to Lien for Labor.—Statutes.*—Efficiency engineers, bookkeepers, and a general agent acting as general manager for a drainage contractor are not laborers entitled to a lien under §6147 Burns 1914, Acts 1907 p. 508. p. 309.

3. DRAINS.—*Construction.—Right to Lien for Labor.—Persons Performing Both Lienable and Nonlienable Work.—Statutes.*—Under §6147 Burns 1914, Acts 1907 p. 508, persons engaged in operating and repairing an automobile, kept by a drainage contractor for the use of certain other employes, keeping machinery in order, superintending men who cleaned the right of way for the ditch, and acting as engineer, were not entitled to liens for their services, though part of their services were lienable, where it is impossible to separate the work for which they were entitled to a lien from that which was nonlienable. p. 311.

4. DRAINS.—*Construction.—Right to Lien for Insurance Premium.—Statutes.*—An insurance broker is not entitled to a lien under §6147 Burns 1914, Acts 1907 p. 508, for premiums on a liability policy issued by him to a drainage contractor. p. 312.

VOL. 77—20

5.  DRAINS.—*Construction.—Right to Lien.—Claims for Coal and Oil.—Statutes.*—Under §6147 Burns 1914, Acts 1907 p. 508, no lien can be claimed for coal furnished a drainage contractor which was used to produce steam to operate machinery, nor for grease and oil used to lubricate such machinery.   p. 312.

6.  DRAINS.—*Construction.—Right to Lien.—Claims for Rent of Leased Machinery and for Material and Labor in Repairs.— Statutes.*—Under §6147 Burns 1914, Acts 1907 p. 508, claims for rent of leased machinery used in the construction of a drain, and for materials and labor in repairing such machinery, are not lienable.   p. 313.

From Huntington Circuit Court; *Robert M. VanAtta,* Special Judge.

Action by the Herman Tapp Construction Company and others against George W. Paul, commissioner, and others.   From the judgment rendered, the plaintiffs appeal.   *Affirmed.*

*Cline & Cline, Cook & Kreig, Kenner & Sapp, Lucas & Spencer* and *W. D. Hamer,* for appellants.

*Fred H. Bowers, Milo N. Feightner* and *Lee M. Bowers,* for appellees.

McMAHAN, J.—This appeal grows out of the failure of the court to order the payment of the several claims of appellants out of the funds in the hands of appellee, who is the commissioner appointed to construct a certain drain as ordered by the Huntington Circuit Court.   The contract for the construction of said work was let to appellant Tere A. Clark, and was by him assigned to Harry Newman.   The court found that Newman was entitled to $20,743.85 on account of work performed by him, and that appellee, Huntington County Bank, held a valid assignment of the same and was entitled to an order for the payment of said sum less the amount of certain liens and claims aggregating $2,298.40.   The claims of appellants, eighteen in number and aggregating $9,802.13 were found to be due and owing by the contractor but that they were not liens on the funds in

the hands of the construction commissioner. All of said claimants appeal and by proper assignment question the correctness of the action of the court in denying each of them a lien on the funds.

The appellants Herman Tapp Construction Company, Paige Engineering Company, Overland Construction Company and Harmon McEnderfer, each claim a lien for rental due them from the contractor for machinery, equipment, and tools which they had leased to the contractor and which were used by him in making excavations under the contract. Reichenbach and Wickenhiser, Kreigbaum Brothers, Chicago Pneumatic Tool Company, National Mill Supply Company and Herman Sonkin, each claim a lien for materials used in making repairs on the leased machinery and equipment used by the contractor in performing the work on the drain, and which repairs became a part of such equipment and were removed with the equipment by the owners thereof. Stanton A. Guest and Jack Paine are machinists and plumbers, and claim liens for labor and for material used in making repairs on the leased machinery. Tere A. Clark, William A. Broaderick, and Roy Decker are expert engineers, superintendents, and bookkeepers. They were the personal representatives of the contractor and seek a lien for services rendered in procuring machinery, making trips to various places, hiring men, keeping books, looking after the financial affairs, paying expenses, borrowing money, making suggestions and giving orders about locating machinery and how the work could best be done, and superintending the machinery in operation. The Standard Oil Company and the Bartlett Trucking Company furnished grease and oils used for lubricating the leased machinery and for coal used as fuel to create steam to operate the leased machinery. E. K. White had a claim for premiums on an insurance policy issued to the contractor

to protect him against liability on account of the work. Thomas D. Jones acted as chauffeur, worked on the automobile and repaired it when out of order, fired a portable engine part of the time and did other incidental work.

The appellee Huntington County Bank made loans to the contractor in order that he might carry on the work, and in order to secure the bank, the contractor assigned the estimates as they were made by the engineer in charge of the work. The total amount so loaned by the bank being $20,453.47.

The section of the drainage law under which appellants claim they are entitled to a lien is §6147 Burns 1914, Acts 1907 p. 508, which reads as follows: "All laborers and other persons who shall hereafter perform any labor or other services, or furnish board or any materials in the construction of any work under the provisions of this act shall have a lien upon the funds raised for the payment of the same; and upon notice in writing filed with the person whose duty it shall be to pay out such fund, of the amount due and what the same is for, such person shall withhold payment to the contractor for such work to an amount sufficient to satisfy such lien until the same is adjusted and paid; and in case of disagreement between the contractor and the person claiming such lien as to the amount or validity thereof, the court ordering the construction thereof shall, upon motion of the commissioner, the contractor, or the person claiming such lien, determine such matter; * * *"

This section is an amendment of §7 of the old drainage act (Acts 1885 p. 129) which provided that, "All laborers and other persons who shall hereafter perform any labor or furnish any materials in the construction of any work under the provisions of this act, shall have a lien upon the funds," etc.

Appellants contend that the words "any labor or other service" was not used in the restricted sense but that every kind of industry and every employment, whether manual or intellectual, is embraced in the language used.

The language used in these statutes is somewhat ambiguous, but we are of the opinion that a fair and reasonable interpretation to be placed on the act of 1885 is that it was intended to give laborers a lien for their labor and that "persons" furnishing any materials should be entitled to a lien upon the fund for the payment of the amount due them, and means the same as if it read: "All laborers who shall hereafter perform any labor and all persons who shall hereafter furnish any materials * * * shall have a lien on the fund," etc. Laborers perform labor, while the other persons furnish materials. It was not intended to give laborers a lien for materials, nor to give the "persons" a lien for labor. In the present law the words "or other services" directly follows the word labor and when the whole section as amended is read in connection with the original act it clearly means and should be interpreted as if to read: "All laborers who shall hereafter perform any labor or other service, and all persons who shall furnish board and any materials," etc.

Efficiency engineers, bookkeepers, and general agents acting as a general manager for the contractor are not laborers within the meaning of this statute. Under the mechanic's lien law it has been held that a general manager or general agent of the contractor is not included in the letter or in the spirit of the statute providing that "contractors, subcontractors, mechanics, journeymen, laborers and all other persons performing labor or furnishing materials," etc., may have liens for labor performed and for materials furnished. *Raynes* v. *Kokomo Ladder, etc., Co.* (1899),

310    APPELLATE COURT OF INDIANA,

Herman Tapp Constr. Co. *v.* Paul, Comr.—77 Ind. App. 305.

153 Ind. 315. Under §7976 Burns 1914, Acts 1885 p. 95, providing that when the property of any company, corporation, etc., shall be seized upon by process from any court, or when their business shall be put in the hands of an assignee, receiver or trustee, the debts "owing to laborers or employes, which have accrued by reason of their labor or employment to an amount not exceeding fifty dollars   *   *   *   for work and labor performed   *   *   *   shall be considered and treated as preferred debts," etc.   It was held that a superintendent who had full supervision of the digging of trenches, laying gas pipes, testing gas wells, with the authority to hire and discharge employes at his pleasure and whose duty was almost wholly confined to superintending men, although he did some manual labor, was a laborer within the meaning of the statute.  *Pendergast* v. *Yandes* (1890), 124 Ind. 159, 165, 24 N. E. 724, 8 L. R. A. 849.   The court in that case in discussing the question said: "While the appellant in this case was called a superintendent, it is shown that he was not an officer of the company, nor was he general manager or a general agent.   His principal duties were to superintend the construction of trenches and the laying of gas pipes."   The implication is that if the appellant had been a general manager or a general agent he would not have been a laborer.

In the instant case Clark had been awarded the contract for the construction of this particular work.   He later assigned his contract to Harry Newman, who in writing and in consideration of such assignment agreed to employ Clark as an efficiency engineer at an annual salary of $5,000 and to give him forty per cent. of the net profits earned under the contract.   The principal part of the labor of Clark appears to have been to travel over the country from state to state and procure the machinery with which the work could be done and to

advise the foremen on the work what to do and how to do it.   Broaderick was the general agent and manager for Newman who resided in another state and seemingly was present very little of the time.   He had given Broaderick a general power of attorney.   Broaderick borrowed the money from appellee bank for the purpose of meeting the payroll.   He in the name of Newman assigned the estimates to the bank.   He paid such bills as were paid, drawing the money out of the bank for that purpose.   It was he who drew $5,000 in cash out of appellee bank to meet the payroll, took it to another bank where he purchased drafts and sent them to Newman to be used for purposes other than to meet the payroll.   He was bookkeeper for the contractor. We have no hesitancy in holding that neither Clark nor Broaderick was entitled to a lien on the funds in the hands of the commissioner.

The claims of Roy Decker and Thomas D. Jones are somewhat similar.   Each of them spent some time in operating and repairing an automobile which the contractor kept for the use of the engineer, manager, bookkeeper and superintendents.   Decker testified that he was superintendent of the machinery and that his duty was to keep the leased machinery in order.   At times he superintended the men who were grubbing and cleaning the right of way for the ditch. Jones worked on the automobile when it needed repairs, and at times he would act as engineer when the regular engineer was absent.   He acted as chauffeur and did other odd jobs.

It is very probable that these men did some work for which they would have been entitled to have a lien on the funds.   But it is impossible to tell how much of such work they did or the value of it.   They seemed to be drawing a salary when they did not work as well as when they did.   Decker was absent about two weeks

312    APPELLATE COURT OF INDIANA,

Herman Tapp Constr. Co. *v.* Paul, Comr.—77 Ind. App. 305.

when he moved from Chicago, but he claimed that he should be allowed $75 a week during that time, the same as if he had actually been at work in the ditch. His claim bears some indications of being "padded." There were several months when he was paid $50 a week regularly. The claims of Clark, Broaderick and Decker for unpaid salaries aggregated $4,800. The circumstances surrounding this transaction were such that the court may have concluded they were not good faith claims and for that reason refused to allow them.

In so far as Decker and Jones are concerned it is not possible to separate the work they did for which they might have been entitled to a lien from the nonlienable, and under such a condition of the evidence there was no error in refusing them a lien. A claim for a lien is unavailing for any purpose when it is impossible to segregate the lienable items from the nonlienable ones. *Hughes* v. *Lansing* (1898), 34 Ore. 118, 55 Pac. 95, 75 Am. St. 574; *McLain* v. *Hutton* (1900), 131 Cal. 132, 61 Pac. 273, 63 Pac. 182.

4. E. K. White was an insurance broker. His claim was for a balance due for premium on an insurance policy. He was not entitled to a lien.

5. The claim of Bartlett Trucking Company is for coal and for hauling leased machinery from the railroad station out to the ditch. The claim of the Standard Oil Company is for grease and oil used to lubricate the machinery. A claim for coal used to produce steam to operate machinery is not lienable. *Cincinnati, etc., Railroad* v. *Shera* (1905), 36 Ind. App. 315, 73 N. E. 293; *Mossburg* v. *United Oil, etc., Co.* (1909), 43 Ind. App. 465, 87 N. E. 992; *Niagara Oil Co.* v. *McBee* (1910), 45 Ind. App. 576, 91 N. E. 250; *Baker, etc., Co.* v. *Marathon P. M. Co.* (1911), 146 Wis. 12, 130 N. W. 866, 36 L. R. A. (N. S.) 875; *Sampson Co.* v. *Commonwealth* (1909), 202 Mass. 326, 88 N. E. 911; *Phila-*

*delphia* v. *Malone* (1906), 214 Pa. 90, 63 Atl. 539; *Luttrell* v. *Knoxville, etc., R. Co.* (1907), 119 Tenn. 492, 123 Am. St. 737, 105 S. W. 565; *Standard Oil Co.* v. *Lane* (1890), 75 Wis. 636, 44 N. W. 644, 7 L. R. A. 191. The claim of the Standard Oil Company for grease and oil is similar to the claim for coal and is not lienable.

The claims for the other appellants are for rent of leased machinery, for materials used in making repairs on such machinery and for labor in making such repairs. The court correctly held that none of these appellants were entitled to liens. *Potter Mfg. Co.* v. *A. B. Meyer & Co.* (1909), 171 Ind. 513, 86 N. E. 837, 131 Am. St. 267; *Luttrel* v. *Knoxville, etc., R. Co., supra; Powder Co.* v. *Knoxville, etc., R. Co.* (1904), 113 Tenn. 382, 83 S. W. 354, 106 Am. St. 836.

Judgment affirmed.

### PETITION FOR REHEARING.

MCMAHAN, J.—Appellants in their petition for a rehearing contend that we failed to determine the validity of the assignment of the estimates by Harry Newman to the appellee Huntington County Bank. The only reason why we failed to determine that question is because it was not presented to us for our determination. Appellants in their original brief stated that the only question for decision was whether the claims of the appellants should be paid out of the funds before the payment to the bank.

Petition denied.