**P & P OIL SERVICE CO., INC.,**
Appellant–Plaintiff,

v.

**BETHLEHEM STEEL CORPORATION,**
Appellee–Defendant.

No. 64A04–9404–CV–133.

Court of Appeals of Indiana,
Fourth District.

Nov. 30, 1994.

Rehearing Denied Feb. 9, 1995.

**10**

Terry K. Hiestand, Cynthia A. Tilden, Chesterton, for appellant.

William J. Hancock, Lowe Gray Steele & Hoffman, Indianapolis, Cyrell E. Lynch, Mary L. Hahn, Shapiro, Fussell, Wedge, Smotherman & Martin, Atlanta, GA, for appellee.

## OPINION

CHEZEM, Judge.

### Case Summary

Appellant-plaintiff, P & P Oil Service Company, Inc. ("P & P"), appeals the dismissal of its complaint to foreclose a mechanic's lien against appellee-defendant, Bethlehem Steel Corporation ("Bethlehem"). We affirm.

### Issue

P & P raises one issue for review, restated as: whether the trial court erred in dismissing P & P's complaint to foreclose its mechanic's lien for failure to state a claim upon which relief could be granted.

### Facts and Procedural History

Bethlehem owns a facility at Burns Harbor, Porter County, Indiana. Bethlehem entered into a contract with Owen Steel Company, a general contractor, to make improvements to the facility. Owen Steel subcontracted a portion of the work to General Riggers and Erectors. General Riggers contracted with P & P for the supply of fuel and lubricants to operate machinery for use on the facility. P & P supplied the fuel products to General Riggers, but did not receive payment from General Riggers.

When General Riggers failed to pay for the fuel products, P & P filed a notice of intention to hold a mechanic's lien against Bethlehem, owner of the facility. On April 15, 1993, P & P filed a complaint to foreclose the mechanic's lien. On August 10, 1993, Bethlehem filed a motion to dismiss P & P's complaint, pursuant to T.R. 12(B)(6), for failure to state a claim upon which relief can be granted. The trial court granted Bethlehem's motion and dismissed P & P's complaint. P & P then filed a motion to correct errors. The trial court denied the motion on December 7, 1993.

### Discussion and Decision

P & P contends the trial court erred in dismissing its complaint for failure to state a claim upon which relief could be granted. P & P argues that it was entitled to bring its complaint under the Indiana Mechanic's Lien Statute.

A motion to dismiss under T.R. 12(B)(6) is made to test the legal sufficiency of the claim, not the supporting facts. *Gray v. Westinghouse Electric Company* (1993), Ind.App., 624 N.E.2d 49, 52, *reh'g denied, trans. denied.* In reviewing the dismissal of a complaint, we determine whether the complaint states any allegation upon which relief could be granted. *Id.* A complaint will withstand a motion to dismiss for failure to state a claim unless it appears the plaintiff is not entitled to relief under any circumstances. *Ivey v. Massachusetts Bay Insurance Co.* (1991), Ind.App., 569 N.E.2d 692. We must take the facts alleged in the complaint as true and determine whether, in a light most favorable to the plaintiff, the complaint is sufficient to constitute a valid claim. *Gray, supra.*

The Indiana Mechanic's Lien Statute, I.C. § 32–8–3–1, provides in pertinent part that contractors, subcontractors, mechanics, lessors leasing construction and other equipment and tools, whether or not an operator is also provided by the lessor, journeymen, laborers, and all other persons performing labor or furnishing materials or machinery, including the leasing of equipment or tools used, for the erection, altering, repairing or removing any house, mill manufactory or other building ... may have a lien separately or jointly upon the house, mill, manufactory or other building ... which they may have erected, altered, repaired, moved or removed or for which they may have furnished materials or machinery of any description, and, on the interest of the owner of the lot or parcel of land on which it stands or with which it is connected to the extent of the value of any labor done, material furnished, or either....

Our approach in determining whether a party is entitled to a lien under the statute is well settled. "In Indiana the mechanic's lien statutes are in derogation of the common law and the provisions of such statutes which relate to the creation, existence or class of individuals entitled to such a lien are to be strictly construed." *Premier Investments v. Suites of America* (1994), Ind. App., 630 N.E.2d 232, 235, *reh'g denied,* citing *Edwards v. Bethlehem Steel Corp.* (1988), Ind.App., 517 N.E.2d 430, 432.

P & P claims that the fuel it supplied to General Riggers for use in the heavy machinery at the project site was lienable. This issue has been considered several times by Indiana courts. In *Mossburg et al. v. United Oil & Gas Co.* (1909), 43 Ind.App. 465, 87 N.E. 992, this court considered whether the mechanic's lien statute authorized the enforcement of a mechanic's lien for coal furnished to a contractor. Mossburg supplied coal to J.N. Demming, who had contracted to drill an oil well for United Oil. When Demming failed to pay for the coal, Mossburg sought to enforce a mechanic's lien against United Oil. This court held the statute did not authorize the enforcement of a mechanic's lien for coal furnished to a contractor,

however meritorious the claim for payment may be. *Id.*

In *Niagara Oil Co. v. McBee* (1910), 45 Ind.App. 576, 91 N.E. 250, this court considered the same issue. Miller McBee supplied coal to Demick and Whitney, who had contracted to drill an oil well for Niagra Oil. Demick and Whitney used the coal as fuel to generate steam for power in the operation of machinery in the drilling of the wells. When Demick and Whitney failed to pay McBee for the coal, McBee filed a complaint to foreclose on its mechanic's lien against Niagra Oil. The trial court found that McBee was entitled to foreclosure of the lien. On appeal, this court reversed the trial court's judgment. The court held that

[c]ourts must construe and enforce the statute as a remedial one, but they cannot extend it to meet cases not within its scope, however meritorious they may be. In *Mossburg v. United Oil & Gas Co.* [citation omitted], the question here presented was considered by this court and decided adversely to [McBee]. [McBee] relies largely on the case of *Haskell v. Gallagher,* 20 Ind.App. 224, 50 N.E. 485. The latter case seems to be in conflict with that case, and, in so far as it purports to hold that a lien may be had and enforced for fuel furnished and used in drilling a gas or oil well, the same is now overruled. The weight of authority is with [Niagra Oil] upon the question under consideration.

*Niagara Oil, supra* at 252.

Finally, this court again considered the question in *Herman Tapp Construction Co. et al. v. Paul* (1921), 77 Ind.App. 305, 131 N.E. 536, *reh'g denied.* The Standard Oil Company provided grease and oil for lubricating machinery used in constructing a drain. When Standard Oil did not receive payment, it sought to enforce a lien against the construction commissioner. The trial court denied enforcement. On appeal, this court held that "[t]he claim of Standard Oil Company for grease and oil is similar to the claim for coal, and is not lienable." *Id.* at 538.

P & P acknowledges this precedent, but argues that it is inapplicable. P & P claims that the fuel it provided was a "labor" cost, whereas these cases only considered fuel as a "material" cost. We disagree with P & P's

contention. The fuel supplied by P & P was used in exactly the same manner as in these cases: to power labor-saving machinery utilized by a contractor at the construction site. Following the precedent of these cases, P & P was not entitled to a mechanic's lien under the statute. Assuming, for the sake of argument, that these cases do not apply to the case at bar, P & P's claim must fail. Indiana courts have consistently construed the term "labor" to mean "services provided." See *Premier Investments v. Suites of America,* supra; *Marcisz v. Osborne* (1954), 124 Ind. App. 574, 118 N.E.2d 378; *Beeson v. Overpeck* (1942), 112 Ind.App. 195, 44 N.E.2d 195.

In support of its argument that providing fuel for use in machinery is lienable as labor, P & P cites *Mann v. Schnarr* (1950), 228 Ind. 654, 95 N.E.2d 138. In *Mann,* our supreme court held that ice used to cool drinking water for workers would not be labor under the lien statute. The court also determined that water used for drinking purposes would not be labor, and electricity used to furnish light for workers would not be a material. *Id.* at 143. Contrary to P & P's assertion, *Mann* does not support its argument. The opinion does not expand the interpretation of labor. The court held that "one who labors with body or mind, or both, is a 'laborer'". *Id.*

Neither Indiana courts nor the legislature have expanded the meaning of "labor" to include fuel for machinery as lienable under the statute. Because we must strictly construe the mechanic's lien statute, we also decline to make such an expansion. P & P's supplying of fuel to General Riggers for use in heavy machinery at the construction site was not "labor" under I.C. 32–8–3–1 or existing case law, and, therefore, P & P was not entitled to a mechanic's lien for the cost of the fuel provided. The trial court properly dismissed the complaint for failure to state a claim upon which relief can be granted.

Affirmed.

RATLIFF, Senior Judge, and SHARPNACK, C.J., concur.